Rachel Blumenfeld
Law Offices of Rachel Blumenfeld
26 Court Street, Suite 2220
Brooklyn, NY 11242
Tel:   (718) 858-9600
rblmnf@aol.com
*Attorney for Defendant*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                              Chapter:       7
                                                                                           Case No:      19-43558-cec

VLADIMIR BINKEVICH,

       Debtor.
----------------------------------------------------------X
VIKTOR GUBENKO,
                   Plaintiff,
  -against-                                                                    Adv. Pro. No. 20-xxxxx-cec

VLADIMIR BINKEVICH,
                   Defendant.
----------------------------------------------------------X

## COMPLAINT FOR DENIAL OF DISCHARGE

COMES NOW VIKTOR GUBENKO ("**Plaintiff**"), by and through his undersigned counsel LAW OFFICE OF RACHEL S. BLUMENFELD, PLLC (Rachel S. Blumenfeld, Esq.), for his Complaint for Denial of Discharge ("**Complaint**") against Debtor Vladimir Binkevich ("**Defendant**"), and state as follows:

### JURISDICTION AND VENUE

1. On June 7, 2019, the Defendant commenced the above-captioned bankruptcy case ("**Chapter 7 Case**") by filing a voluntary petition under Chapter 7 of title 11 of the United States Code ("**Bankruptcy Code**") in the Eastern District of New York. Case 1-19-43558-cec, Document # 1. The first date set for the meeting of creditors under 11 U.S.C. § 341 was July 10, 2019.

2. On July 23, 2019, the Court entered a Stipulation and Order between the Defendant and Alan Nisselson, the Chapter 7 Trustee ("**Trustee**") extending the deadline for all parties to object to the Defendant's discharge to November 7, 2019. Case 1-19-43558-cec, Document # 15

3. On September 23, 2019, the Court entered a Stipulation and Order between the Defendant and the Trustee extending the deadline for all parties to object to the Defendant's discharge to January 6, 2020. Case 1-19-43558-cec, Document # 26

4. On December 9, 2019, the Court entered a Stipulation and Order between the Defendant and the Trustee extending the deadline for all parties to object to the Defendant's discharge to March 6, 2020. Case 1-19-43558-cec, Document # 31

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. Venue is proper in this Court under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b). The statutory bases for this action are 11 U.S.C. §§ 727(a)(4) and (5).

6. In the event that a court determines that the claims involved in this Complaint cannot be finally determined by this Court without the consent of the parties, the Plaintiff gives such consent.

## PARTIES

7. Plaintiff Viktor Gubenko is an individual who resides in Kings County, New York. He is a creditor in the Bankruptcy Case and filed a proof of claim for $300,000 on December 2, 2019. Case 19-43558-cec, Claim # 3.

8. Defendant Vladimir Binkevich is an individual who resides in Kings County, New York. He is the Debtor in the Bankruptcy Case.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

9. On June 2, 2017, the Defendant filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Eastern District of New York, commencing case 17-42905-cec ("**Chapter 11 Case**"). A true and correct copy of the voluntary petition from the Chapter 11 Case is attached hereto as **Exhibit A**.

10. In connection with the Chapter 11 Case, the Defendant stated, "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." Exhibit A, 36.

11. In connection with the Chapter 11 Case, the Defendant reported that his non-filing spouse, a computer programmer, earned a gross income of $15,798.62 per month. Exhibit A, 32.

12. On information and belief, the Defendant and his non-filing spouse from the Chapter 11 Case are not divorced and continue to have the same residence.

13. On June 7, 2019, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Easter District of New York, commencing the Chapter 7 Case. A true and correct copy of the voluntary petition from the Chapter 7 Case is attached hereto as **Exhibit B**.

14. In connection with the Chapter 7 Case, the Defendant stated, "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." Exhibit B, 32.

15. In connection with the Chapter 7 Case, the Defendant failed to report any income for his non-filing spouse. Exhibit B, 28.

## FIRST CLAIM FOR RELIEF
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)

16. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

17. Section 727(a)(4) of the Bankruptcy Code provides: "The court shall grant the debtor a discharge, unless . . . the debtor knowingly and fraudulently, in or in connection with the case . . . (A) made a false oath or account[.]"

18. The Defendant's unsworn declaration under penalty of perjury on his Declaration About an Individual Debtor's Schedules constitutes an "oath or account" under 11 U.S.C. § 727(a)(4)(A).

19. On information and belief, the Defendant's non-filing spouse was earning income on June 7, 2019.

20. On information and belief, the Defendant knew or should have known his non-filing spouse was earning income on June 7, 2019.

21. On information and belief, the Defendant's non-filing spouse contributes some or all of her income toward household expenses, including but not limited to mortgage payments.

22. On information and belief, the Defendant falsely reported his non-filing spouse's income in the Chapter 7 Case with fraudulent intent.

23. Plaintiff reserves the right to amend this Complaint to identify any additional fraudulent oaths made in Exhibit B that may be revealed through discovery.

24. To the extent that any false oaths are made in Exhibit B, the Plaintiff requests that any subsequently-filed amended complaint relate back to the date of this pleading.

**WHEREFORE**, Plaintiff respectfully demands that this Court enter judgment denying the Defendant a discharge under 11 U.S.C. § 727(a)(4).

## SECOND CLAIM FOR RELIEF
## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

25. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

26. Section 727(a)(5) of the Bankruptcy Code provides: "The court shall grant the debtor a discharge, unless . . . the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

27. To the extent the Defendant's non-filing spouse fails to contribute some or all of her income toward household expenses, including but not limited to mortgage payments, the Defendant's assets are not being fully utilized for meeting the Defendant's liabilities.

28. On information and belief, the Defendant has not satisfactorily explained this deficiency of assets to meet his liabilities.

**WHEREFORE**, Plaintiff respectfully demands that this Court enter judgment denying the Defendant a discharge under 11 U.S.C. § 727(a)(5).

Dated:        March 6, 2020
              Brooklyn, New York        The Law Office of Rachel Blumenfeld

                                        By:   */s/ Rachel Blumenfeld*
                                              Rachel Blumenfeld
                                        26 Court Street, Suite 2220
                                        Brooklyn, New York 11242
                                        (718) 858-9600