Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                          Chapter 7

    Vladimir Binkevich,                                        Case No.: 1-19-43558-cec

                      Debtor.
------------------------------------------------------X
  Viktor Gubenko
                Plaintiff,

-against-                                                                       Adv. Pro. No. 1-20-01025-cec

Vladimir Binkevich
               Defendant
------------------------------------------------------X

## NOTICE OF MOTION TO DISMISS ADVERSARY CASE
## IN LIEU OF ANSWER

**PLEAES TAKE NOTICE** that a hearing on the annexed Motion to dismiss adversary case in lieu of Answer, dated April 9, 2020 (the "Motion"), of Vladimir Binkevich (the "Defendant"), will be held before the Honorable Carla E. Craig, United States Bankruptcy Judge, May 12, 2020 at 11:30 A.M., in the United States Bankruptcy Court – Eastern District of New York – Brooklyn, 271-C Cadman Plaza East, Courtroom 3529, Brooklyn, New York, 11201 or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE** that responsive papers, if any, are to be filed with the Clerk of the Bankruptcy Court at 271 Cadman Plaza East, Brooklyn, New York, 01, with a copy served upon Alla Kachan Esq., of Law Offices of Alla Kachan P.C. at 3099 Coney

Island Avenue, 3rd Floor, Brooklyn, NY 11235 no later than seven days before the return date.

Dated: Brooklyn, New York
April 9, 2020

/s/ Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                                    Chapter 7

    Vladimir Binkevich,                                                    Case No.: 1-19-43558-cec

                          Debtor.
-------------------------------------------------------X
 Viktor Gubenko
                Plaintiff,

-against-                                                                              Adv. Pro. No. 1-20-01025-cec

Vladimir Binkevich
                Defendant
-------------------------------------------------------X

## MOTION TO DISMISS ADVERSARY CASE
## IN LIEU OF ANSWER

      The Defendant, Vladimir Binkevich, by his undersigned counsel, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., (the "**Attorney**"), hereby moves the Court to dismiss adversary case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and in support thereof, avers as follows:

### JURISDICTION

      1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

2. On June 7, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. Case number 1-19-43558-cec.

3. The Meeting of Creditors pursuant § 341 was scheduled and held on July 10, 2019.

4. On November 4, 2019 the examination of Vladimir Binkevich pursuant to Rule 2004 of the Bankruptcy Rules was conducted by the Law Office of Rachel S. Blumenfeld PLLC.

5. On March 6, 2020, the Plaintiff filed an Adversary Proceeding Complaint for denial of Plaintiff's Discharge. The Plaintiff demands that the Court enter judgment denying the Defendant's discharge under 11 U.S.C. § 727 (a)(4) and 727 (a)(5).

## RELIEF REGUESTED

6. "One of the central purposes of the Bankruptcy Code and the privilege of discharge is to allow the 'honest but unfortunate debtor' to begin a new life free from debt." *In re Cacioli, 463 F.3d 229, 234 (2d Cir. 2006) (citing Grogan v. Garner, 498 U.S. 279, 286–87 (1991))*. In light of this purpose, a denial of discharge is an extremely serious sanction, and therefore, § 727 must be construed strictly against those who object to a debtor's discharge and liberally in favor of the debtor. *In re Cacioli, 463 F.3d at 234.*

7. First, Plaintiff seeks to have this Court deny the Debtors a discharge pursuant to § 727(a)(4), on the basis of the Defendant falsely reported his non-filing spouse's income in the Chapter 7 case with fraudulent intent.

8. Next, Plaintiff contends that the Debtors' discharge should be denied pursuant to § 727(a)(5), on the basis that the Defendant assets are not fully utilized for meeting the Defendant's

liabilities and his non-filing spouse fails to contribute some or all of her income toward household expenses, including but not limited to mortgage payments.

9. **The Defendant discharge should not be denied under 11 U.S.C. § 727 (a)(4).**

10. Section 727(a)(4) of the Bankruptcy Code provides that the debtor shall receive a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." *11 U.S.C. § 727(a)(4)(A)*. To state a claim for denial of discharge under Section 727(a)(4), a plaintiff must allege that the debtor made a statement under oath; the statement was false; the debtor knew the statement was false; the debtor made the statement with fraudulent intent; and the statement related materially to the bankruptcy case. *Calucci & Legum v. Murray (In re Murray), 249 B.R. 223, 228 (E.D.N.Y. 2000)*.

11. The essential elements of 7 this cause of action are that 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. *11 U.S.C. §727(a)(4). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky, 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.*

**The Defendant discharge should not be denied under 11 U.S.C. § 727 (a)(5).**

12. Section 727(a)(5) provides that the court shall grant the debtor a discharge, unless— . . . (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities . . . . *11 U.S.C. §727(a)(5)*.

13. Upon information and belief, the Debtor fully disclosed information regarding his financial affairs, particularly with regard to his marital status and living arrangement. In the

Official Form 122A-1 of the Debtor's Petition, it is listed that the Debtor and his spouse are legally separated.

14.     Further, at the 341 meeting the Debtor declared under oath that he is separated from his wife since 2017, and that they reside in two story apartment on separate floors, and divide household and pay personal expenses separately. Upon information and belief, the Plaintiff's counsel was present at the 341 meeting. No additional documents or information regarding the Debtor's separation were requested after the 341 meeting by the Trustee or Plaintiff's counsel.

15.     Furthermore, an original separation agreement executed by the Debtor and his wife on April 7, 2017 and as well as an Amendment to it dated July 5, 2019 have been submitted to the US Trustee office for review.

16.     Moreover, at the 2004 examination held on November 4, 2019 by Rachel S. Blumenfeld, the attorney for the Plaintiff, the Debtor testified to the information regarding his separation, living arrangements, and his separate financial affairs since his initial separation from his wife in April of 2017. No additional documents or information regarding the Debtor's separation were requested after the 2004 examination, where Mr. Nisselson and Miss Blumenfeld were present.

17.     Therefore, despite the fact that they are still married, and live on separate floors of a two-story apartment, they have maintained separate accounts, separate household and file separate Income Tax Returns. Therefore, the debtor and his estranged wife speak only when necessary, and do not have knowledge of each other's income or personal expenses.

18.     Hence, the Plaintiff has been properly informed about the separation and living arrangement of the Defendant and had enough time and ample opportunity to obtain the separate agreements or any of the pertinent information.

19. As a motion of fact, Plaintiff fails to question the validity of the separation agreement and as a matter of fact, makes no refence to the known separation at all.

20. Since the Plaintiff is aware of the separation agreements and does not question their validity, therefore fail to test set forth under 727(a)(4) and (a)(5), as he has clearly not even alleged, let alone established, that the separation agreement which has disclosed at both the 341 meeting of creditors and deposition, is in any way in authentic. As no such allegation has ever been made and certainly no supporting facts or law have been provided, the Plaintiff cannot establish that a knowingly false statement was made in petition, or that the Debtor hasn't provided an explanation as to his disposable income in his particular financial circumstance.

21. Finally, Mr. Nisselson has examined the Debtor, collected assets on behalf of the estate, and is, upon information and belief, fully administer the estate to the benefit of it's Creditors.

**Adversary proceedings should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure**

22. Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

23. Here, the Plaintiff did not establish or prove the existence of the claim upon which relief can be granted. The basis of the Plaintiff's complaint is "upon information and belief". No evidential and factual proof of Defendant's false report of fraudulent oaths regarding his non-filing souse has been established. Therefore, the Plaintiff did not assert any causes for action which may give rise to a denial of Defendants discharge.

24. Based on the foregoing, denial based on Section 727(a)(2)(A) and 727(a)(2)(B) are not justified and as such, Plaintiff's complaint and adversary pro should be dismissed.

25. It is respectfully requested that the local rule requiring a memorandum of law be waived as the issues raised herein are neither novel nor difficult.

**WHEREFORE**, the Defendant respectfully requests that the Defendant's motion to dismiss this adversary proceeding be granted in its entirety, together with such other further and difference relief as to the Court may seem just and proper.

Dated: Brooklyn, New York
April 9, 2020

/s/ Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235