Rachel Blumenfeld, Esq.
Law Offices of Rachel Blumenfeld PLLC
26 Court Street, Suite 2220
Brooklyn, NY 11242
Tel: (718) 858-9600
rblmnf@aol.com
*Attorney for Plaintiff*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re: Chapter: 7
Case No: 19-43558-cec

VLADIMIR BINKEVICH,

Debtor.

---------------------------------------------------------------X

VIKTOR GUBENKO,

Plaintiff,

-against- Adv. Pro. No. 1-20-01025-cec

VLADIMIR BINKEVICH,

Defendant.

---------------------------------------------------------------X

**OBJECTION TO MOTION TO DISMISS ADVERSARY CASE IN LIEU OF ANSWER**

VIKTOR GUBENKO ("**Plaintiff**"), by and through his undersigned counsel LAW OFFICE OF RACHEL S. BLUMENFELD, PLLC (Rachel S. Blumenfeld, Esq.), hereby objects to the Motion to Dismiss Adversary Case in Lieu of Complaint ("**Motion**"), filed by Debtor Vladimir Binkevich ("**Defendant**") on April 9, 2020. In support of that objection, Plaintiff states as follows:

**THE MOTION IS FRIVOLOUS AND WASTES THE COURT'S TIME**

1. The Motion is wholly unsupported by the record in this adversary proceeding and should be denied in its entirety. It contains myriad factual allegations of fact that are not

supported by affidavit or by an admissible transcript of sworn testimony. Each portion of the Motion other than those that merely cite precedent or quote statutory text is inadmissible hearsay that the Court should disregard.

2. The Motion also mischaracterizes the standard under which it should be determined. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b), requires the Court to accept as true the factual matters contained in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). After accepting those factual assertions as true, the Court must then determine whether those facts establish a claim that is plausible on its face.

3. Instead of addressing its burden, the Motion makes unsubstantiated assertions that the facts contained in the Complaint are not true. These assertions are precisely what the purpose of an adversary proceeding is. A motion to dismiss is not an appropriate tool for denying the allegations of a Complaint. It is difficult to contemplate a purpose for the Motion other than as an attempt to unreasonably increase the Plaintiff's cost of litigation by requiring him to respond to a frivolous motion to dismiss.

**EVEN IF NOT FRIVOLOUS, THE MOTION SHOULD BE DENIED**

4. The Complaint alleges sufficient facts on both claims for relief to state a claim that is plausible on its face.

**11 U.S.C. § 727(a)(4)**

5. As the Defendant accurately reports in the Motion, the essential elements of a claim for relief under 11 U.S.C. § 727(a)(4) are: 1) the debtor made a statement under

oath; 2) the statement was false; 3) the debtor knew that the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case. *Dubrowsky v. Estate of Perlbinder (In re Dubrowsky)*, 244 B.R. 571, 572 (E.D.N.Y. 2000).

6. The Complaint alleges that the Defendant stated under oath that his nonfiling spouse has no income and contributes nothing to any of their shared expenses. The Complaint alleges that this statement is false. Whether the Defendant's nonfiling spouse has income and contributes to household expenses is clearly materially related to the bankruptcy case. The Complaint alleges Defendant's fraudulent intent generally, which is permitted by Federal Rule of Civil Procedure 9(b), which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7009.

7. Although the Motion asserts that the Defendant is separated from his wife under a separation agreement, the Motion provides no evidence to support that assertion. Even if it did, that assertion, if true, does not disprove the allegations of the Complaint. The Complaint alleges, "Defendant and his non-filing spouse are not divorced and continue to have the same residence." Document 1, ¶ 12. Therefore, even if a motion to dismiss were an appropriate vehicle for denying the assertions of a Complaint, the Motion at issue here fails that task completely.

**11 U.S.C. § 727(a)(5)**

8. To establish a claim under 11 U.S.C. § 727(a)(5), a plaintiff must establish that "(1) the debtor at one time possessed or claimed to control substantial and identifiable assets; (2) those assets have disappeared, their disposition or placement now unknown;

and (3) no plausible explanation for this deficiency is apparent from the submitted records or has been articulated by the debtor." *In re Mihalatos*, 527 B.R. 55, 69 (Bankr. E.D.N.Y. 2015).

9. The Complaint alleges that the Defendant previously claimed to have access to approximately $15,000/month in additional income from his wife, and that although they are still married and share the same residence, he now claims not to have access to that additional income. No explanation for the loss of that income is evident in the documents that have been filed in the main bankruptcy case, which were attached to the Complaint as exhibits.

10. If the Defendant has an explanation for the loss of this income, that explanation is an affirmative defense on which the Defendant has the burden of proof. *HSBC Bank USA v. Handel (In re Handel)*, 266 B.R. 585 (Bankr. S.D.N.Y. 2001). It is inappropriate to raise such a defense by motion, rather than in a responsive pleading as required by Federal Rule of Civil Procedure 12(b), which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

**WHEREFORE**, the Plaintiff respectfully requests that the Motion be denied in its entirety, and that the Defendant be ordered to file an answer to the Complaint promptly.

Dated: May 1, 2020
Brooklyn, New York

The Law Office of Rachel Blumenfeld PLLC

By: ***/s/ Rachel Blumenfeld***
Rachel Blumenfeld
26 Court Street, Suite 2220
Brooklyn, New York 11242
(718) 858-9600