Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
|     Vladimir Binkevich, | Case No.: 1-19-43558-cec |
|                          Debtor. | |

-------------------------------------------------------X

Viktor Gubenko
                Plaintiff,

-against-                                                                   Adv. Pro. No. 1-20-01025-cec

Vladimir Binkevich
                Defendant
-------------------------------------------------------X

## RESPONSE TO THE PLAINTIFF'S OBJECTION TO MOTION TO DISMISS ADVERSARY CASE IN LIEU OF ANSWER

**TO THE HONORABLE CARLA E CRAIG**
**UNITED STATES BANKRUPTCY JUDGE:**

The Defendant, Vladimir Binkevich, by his undersigned counsel, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., (the "**Attorney**"), respectfully submit this Response (the "**Response**") to the Objection of Viktor Gubenko (the Objection) to Motion to dismiss adversary case in lieu of answer (the "**Motion**"), and in support thereof, avers as follows:

1. On June 7, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. Case number 1-19-43558-cec.

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On March 6, 2020, the Plaintiff filed an Adversary Proceeding Complaint for denial of Plaintiff's Discharge. The Plaintiff demands that the Court enter judgment denying the Defendant's discharge under 11 U.S.C. § 727 (a)(4) and 727 (a)(5).

4. On April 9, 2020, the Defendant filed a Motion to dismiss adversary case in lieu of answer.

5. On May 1, 2020, the Plaintiff filed an Objection to motion to dismiss adversary case in lieu of answer. In the referenced objection, the Plaintiff alleged that the Motion provides no evidence to support that the Defendant is separated from his wife. Further the Plaintiff stated that the Defendant did not provide explanation for the loss of income from his wife.

6. Upon information and belief, the Debtor fully disclosed information regarding his financial affairs, particularly with regards to his marital status and living arrangement. In the Official Form 122A-1 of the Debtor's Petition, it is listed that the Debtor and his spouse are legally separated, as at the time of Chapter 7 bankruptcy filing, they have maintained separate accounts, separate household and file separate Income Tax.

7. Additionally, at the 341 meeting and the 2004 examination, conducted by the Plaintiff's attorney, the Debtor declared that he is separated from his wife since 2017, and that they pay household and other expenses separately. No additional documents or information regarding the Debtor's separation were requested by any Party after the 341 meeting and 2004 examination. An original separation agreement executed by the Debtor and his wife on April 7, 2017 and as well

as an Amendment to it dated July 5, 2019 have been submitted to the US Trustee office upon request and attached herein as Exhibit A.

8. Further, in the previously filed Bankruptcy case in 2017 (case Number 1-17-42905-cec), the non-filing Debtor's spouse was listed in the Schedule I, as at that time they still have some joint expenses, despite that the separation agreement was already concluded between the Debtor and his spouse. Since that time the Defendant's financial affairs have been changed, and the Defendant duly disclosed it.

9. Base of the foregoing, Plaintiff has been properly informed about the separation and living arrangement of the Defendant and had enough time and ample opportunity to obtain the separation agreements or any of the pertinent information.

10. Furthermore, the Plaintiff have ample opportunity to challenge the fidelity and accuracy of the Debtor's testimony with the regard to the separation both after 314 meeting and 2004 examination and do not so. Furthermore, the plaintiff is not challenging the authenticity of the separation agreement or truthfulness of the Debtor's testimony in the complaint. On the contrary, they simple choose to overrule the fact that this information was both disclosed in testimony and provided documentarily and was never questioned by the Plaintiff.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order dismissing the adversary case; and any other relief which the Court deems just and proper.

Dated: Brooklyn, New York
May 8, 2020

    /s/ Alla Kachan
    Alla Kachan, Esq.
    Law Offices of Alla Kachan, P.C.
    3099 Coney Island Avenue, 3rd Floor
    Brooklyn, NY 11235