Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          Chapter 7

    Vladimir Binkevich,                              Case No.: 1-19-43558-cec

                    Debtor.
-------------------------------------------------------X
Viktor Gubenko
              Plaintiff,

-against-                                                      Adv. Pro. No. 1-20-01025-cec

Vladimir Binkevich
              Defendant
-------------------------------------------------------X

## AMENDED AFFIRMATION IN SUPPORT OF MOITON FOR SUMMARY JUDGEMENT

Alla Kachan, Esq., an attorney duly admitted to practice before this Court, herby affirms the following to be true under the penalties of perjury:

1. The Law Offices of Alla Kachan, P.C. have been retained as attorneys for the Debtor-Defendant in the above captioned action. I am fully familiar with the fact and circumstances described herein through a review of the file, discussions with the client, and Court appearances in this matter. I respectfully submit this Affirmation in Support of Defendant's motion for Summary Judgement as against, Plaintiff, Viktor Gubenko.

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

2. On June 7, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District of New York. Case number 1-19-43558-cec.

3. The Meeting of Creditors pursuant § 341 was scheduled and held on July 10, 2019.

4. On November 4, 2019 the examination of Vladimir Binkevich pursuant to Rule 2004 of the Bankruptcy Rules, was conducted by the Law Office of Rachel S. Blumenfeld PLLC, with the appointed Chapter 7 trustee, Allen Nisselson, in attendance. A copy of the transcript is annexed as Exhibit A.

5. On March 6, 2020, the Plaintiff filed an Adversary Proceeding Complaint for denial of Plaintiff's Discharge. The Plaintiff demands that the Court enter judgment denying the Defendant's discharge under 11 U.S.C. § 727 (a)(4) and 727 (a)(5).

6. On April 9, 2020, the Defendant/Debtor filed a motion to dismiss the adversary case in lieu Answer. A copy of the motion to dismiss is annexed as Exhibit B.

7. Further, on May 1, 2020, the Plaintiff filed an objection to Motion to dismiss the adversary case in lieu Answer and on May 8, 2020 the Defendant filed a response to Plaintiff's objection to Motion to dismiss the adversary case in lieu Answer. A copy of the response is annexed as Exhibit C.

8. On June 4, 2020, the Answer to adversary complaint for denial of discharge was filed by the Defendant. A copy of the answer is annexed as Exhibit D.

9. On July 10, 2020, an examination of Vladimir Binkevich pursuant to Rule 2004 of the Bankruptcy Rules, was conducted by a trial attorney for the Office of the US Trustee, Reema Lateef.

10. The Debtor complied with all information requests issued by the Office of the US Trustee. Having conducted an in depth 2004 examination of the Debtor, no further document or

examination demand has been made by the Office of the US Trustee thereafter. Furthermore, the Office of the US Trustee has not investigated any inconsistencies and has not pursued any actions to deny the Debtor's discharge.

11. On July 29, 2020, the Plaintiff's First Setoff (i) interrogatories directed to defendant; (ii) request for production of documents and (ii) request for admissions to defendant Valdimir Binkevich was received by email by Alla Kachan Esq, the counsel for the Defendant.

12. On September 3, 2020, the Response to the Plaintiff's First Setoff (i) interrogatories directed to defendant; (ii) request for production of documents and (ii) request for admissions to defendant Valdimir Binkevich was sent by email to Rachel Blumenfeld Esq, the counsel for the Plaintiffs. A copy of this response is annexed as Exhibit E. The requested documents were emailed to Ms. Blumenfeld. Further, upon information and believe, the Chapter 7 Trustee, Alan Nisselson Esq, has forwarded all documents, received previously from the Defendant/Debtor, to Ms. Blumenfeld. Please see Exhibit A, 65:3-5.

13. Upon information and belief, the Debtor has worked diligently and in good faith to provide full disclosure, ascertain that his papers are true and complete, and comply with the applicable Bankruptcy rules and the Chapter 7 Trustee's demands, during the pendency of his Bankruptcy case.

## **MOTION FOR SUMMARY JUDGEMENT**

14. This motion made pursuant to pursuant to Fed. R. Bankr. 7056.

15. The standard for a Motion for Summary Judgment is set forth as follows, Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), provides that summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FED. R. CIV. P. 56(c)) (internal quotation marks omitted).

16. Therefore, the movant has the burden of establishing the absence of any genuine issue related to any material fact. *Celotex*, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (internal citations omitted).

17. Summary Judgement is appropriate when…'after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party.'  Where the plaintiff's claim must be established by clear and convincing evidence, 'the issue is whether, with all conflicts in the evidence resolved and all reasonable inferences drawn in favor of the nonmoving party, the record contains sufficient evidence from which a reasonable jury could find for the nonmoving party under the clear and convincing standard.'"  In re Allou Distributors, Inc., 466 B.R. 32, 49 (Bankrt. E.D.N.Y., 2011)(citations omitted).

**APPLICABLE STANDARD UNDER 11 U.S.C. 727**

18. An individual debtor may be granted a discharge under Section 727 of the Bankruptcy Code to "allow an honest but unfortunate debtor to begin a new life free from debt. " *D.A.N. Joint Venture v. Cacioli (In Re Cacioli)*, 463 F.3d 229, 234 (2nd Cir. 2006).

19. 11 U.S.C. 727 also governs denial of a discharge under limited circumstances and states, in relevant part, as follows:

> (a) The court shall grant the debtor a discharge, unless—
>
> > (2) the debtor, **with intent** to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> >
> > > (A) property of the debtor, within one year before the date of the filing of the petition; or
> > > (B) property of the estate, after the date of the filing of the petition;
> >
> > (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
> >
> > (4) the debtor knowingly and fraudulently, in or in connection with the case—
> > > (A) made a false oath or account;
> > > (B) presented or used a false claim;
> > > (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
> > > (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
> >
> > (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;
> >
> > (7) that the debtor has committed any <u>act</u> specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider

20.     It is well settled that denial of a discharge is "an extreme penalty for wrongdoing," and therefore, § 727 "must be construed strictly against those who object to the debtor's discharge and 'liberally in favor of the bankrupt.'" State *Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996) (quoting *Bank of Pa. v. Adlman (In re Adlman)*, 541 F.2d 999, 1003 (2d Cir. 1976)).

### Plaintiff's First Cause of Action – 11 U.S.C. 727(a)(4)

21. Section 727(a)(4)(A) states that a court should deny a debtor's discharge if the debtor made a false oath or account "knowingly and fraudulently, in or in connection with the case." To state a claim for denial of discharge under Section 727(a)(4), a plaintiff must allege that the debtor made a statement under oath; the statement was false; the debtor knew the statement was false; the debtor made the statement with fraudulent intent; and the statement related materially to the bankruptcy case. *Calucci & Legum v. Murray (In re Murray), 249 B.R. 223, 228 (E.D.N.Y. 2000)*.

22. The essential elements of 7 this cause of action are that 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. *11 U.S.C. §727(a)(4). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky, 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.*

23. Upon information and belief, the Debtor fully disclosed information regarding his financial affairs, particularly with regards to his marital status and living arrangement. In the Official Form 122A-1 of the Debtor's Petition, the Debtor disclosed that he and his spouse were and continue to be, legally separated, as of the time of Chapter 7 bankruptcy filing, that they have maintained separate accounts, separate households and file separate Income Tax returns.

24. In the Instruction for Official Bankruptcy Form 6I: Your Income (Schedule I), it is stated that if you are separated and your spouse is not filing with you, do not include information about your spouse.

25.     Further, under 11 U.S.C. § 707(b)(2)(A) a Debtor does not need to include their non-filing spouse's income on the Means Test, if the Debtor declares under penalty of perjury that they are legally separated from their spouse or they are living apart.

26.     Therefore, the Debtor has completed the Petition in accordance to the Bankruptcy rules and procedure, and truthfully affirmed that the information contained in his petition is true and complete to the best of his knowledge.

27.     Furthermore, In re Montalto it is set forth that "Under §§ 707(b)(2)(A) and 101(10A), the income of a non-filing spouse which is regularly contributed to household expenses of the debtor or the debtor's dependents must be included in a debtor's disposable income analysis. A debtor does not need to include their non-filing spouse's income on the Means Test if the debtor declares under penalty of perjury that they are legally separated from their spouse or they are living apart." *In re Mantalto, 537 B.R. 147 (Bankr. E.D.N.Y. 2015).*

28.     In the case at hand, the Debtor and his non-filing spouse are legally separated. The separation agreements were requested and promptly provided to both counsel for the Plaintiff-Creditor, as well as to the Office of the US Trustee and attached herein as Exhibit F. Despite the fact that they are still legally married, they live on separate floors of a two-story apartment, they maintain separate accounts, separate households and file separate Income Tax Returns, and more so, upon information and belief, the non-filing spouse does not contribute to household expenses of the Debtor. The debtor and his estranged wife speak only when necessary, and do not have knowledge of each other's income or personal expenses.

29.     Of particular relevance, "the essential thing is not separate roofs, but separated lives — that the parties so live, whether under one roof or two, as to abandon with apparent permanency

of intention, the relation of husband and wife in all but the most technical legal sense." *Hurd v. Hurd, 86 U.S.App.D.C. 62, 179 F.2d 68 (D.C.Cir.1949).*

30. Moreover, at the initial 341 meeting and the two subsequent 2004 examinations, conducted by the Plaintiff's attorney and the Office of the US Trustee, the Debtor declared under penalty of perjury, that he is separated from his wife since 2017, and that they pay household and other expenses separately. Please see Exhibit A, 16:4-19:8. An original separation agreement executed by the Debtor and his wife on April 7, 2017 and as well as an Amendment to it dated July 5, 2019, have been submitted to the US Trustee's office upon request. No other additional documentation, clarification or further explanation regarding the Debtor's separation were requested by any party, after the 341 meeting and the two subsequent 2004 examinations.

31. Further, in his previously filed Bankruptcy case in 2017, (case Number 1-17-42905-cec), the non-filing Debtor's spouse was listed in the Schedule I, as at that time they still had some joint expenses, despite the fact that the separation agreement was already in effect between the Debtor and his spouse. Since that time the Defendant's financial affairs have changed, due to the full and complete separation of financial affairs and the Defendant duly disclosed this material change, in his subsequent Chapter 7 Bankruptcy filing.

32. Furthermore, the Plaintiff Creditor has had ample opportunity to challenge the fidelity and accuracy of the Debtor's testimony with the regard to the separation both after the initial 314 meeting and the subsequent 2004 examination, and has not done so to date. Furthermore, the plaintiff has not challenged the authenticity of the separation agreement or truthfulness of the Debtor's testimony provided during his 341 meeting, or during the subsequent 2004 examination, conducted by Plaintiff Creditor's counsel, in the complaint. On the contrary, the Plaintiff Creditor has simply chosen to overlook the fact that the information in question was

both disclosed in sworn testimony, fully documented and never questioned by the Plaintiff, the Office of the US Trustee, or the bankruptcy trustee appointed in the case.

33. Additionally, the Debtor has settled his bankruptcy estate with the trustee and made payments for the trustee's interest in all un exempt property, which has been made available for distribution to the creditors of the bankruptcy estate. The appointed Chapter 7 Trustee, Allen Nisselson, has, upon information and belief, found no cause to conduct any further investigation into the assets of the estate or to question the voracity of the Debtor's sworn testimony, in any way.

### Plaintiff's Second Cause of Action – 11 U.S.C. 727(a)(5)

34. Section 727(a)(5) provides that a discharge will be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." This statutory provision is designed to deny a discharge to a debtor if the plaintiff can establish that there has been a loss or deficiency of an asset, and if so, that the debtor has failed to plausibly explain the reason for that loss. See Krohn v. Cromer, (In re Cromer), 214 B.R. 86, 95 (Bankr. E.D.N.Y. 1997).

35. As stated above the Defendant has fully and truthfully disclosed his financial affairs and provided satisfactory explanations regarding his income, as well as for the reason for exclusion of the income of his separated souse. The Defendant does not possess information regarding the separated spouse's income, as, upon information and belief, they have been filing separate income tax returns for the last three years, hold separate bank accounts and maintain separate households.

### **CONCLUSION**

36. Plaintiff has not established the elements of 11 U.S.C. § 727 (a)(4) and 727 (a)(5)., nor has

he challenged the voracity of the provided testimony or documents, which establish the truthfulness of the Debtors petition, schedules and subsequent testimony.

37. The Debtor herein has, in contrast, met the high standard established by Rule 56(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056(c), for the entry of a Summary Judgment.

38. For the foregoing reasons, plaintiff respectfully requests that this Court grant Defendant's Motion for Summary Judgement and Enter an Order of Discharge in the instant case.

**WHEREFORE**, it is respectfully requested that this Court enter an Order granting summary judgement to the Defendant/Debtor, thereby finding the debts owed are to be discharged, together with such other further relief as to this Court deems just, and proper.

Dated: January 27, 2021  
Brooklyn, NY

/s/ Alla Kachan  
Alla Kachan, Esq.  
Law Offices of Alla Kachan, P.C.  
3099 Coney Island Avenue, 3rd. Fl.  
Brooklyn, NY, 11235