# EXHIBIT D

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                    Chapter 7

    Vladimir Binkevich,                                         Case No.: 1-19-43558-cec

               Debtor.
-------------------------------------------------------X
Viktor Gubenko
               Plaintiff,

-against-                                                                 Adv. Pro. No. 1-20-01025-cec

Vladimir Binkevich
               Defendant
-------------------------------------------------------X

## ANSWER TO ADVERSARY COMPLAINT
## FOR DENIAL OF DISCHARGE

Defendant, Vladimir Binkevich, by the undersigned counsel, Alla Kachan, Esq. of Law Offices of Alla Kachan P.C. answers the complaint of Victor Gubenko, as follows:

1. Admits allegations contained in Paragraph "1".

2. Admits allegations contained in Paragraph "2".

3. Admits allegations contained in Paragraph "3".

4. Admits allegations contained in Paragraph "4".

5. Admits allegations contained in Paragraph "5" insofar as this Court has a jurisdiction over this adversarial procedure under 28 U.S.C. § 1334 and the Venue is proper in this Court under 28 U.S.C. § 1409.

6. Denies allegations contained in Paragraph "6".

7. Denies allegations contained in Paragraph "7".

8. Admits allegations contained in Paragraph "8".

9. Admits allegations contained in Paragraph "9".

10. Admits allegations contained in Paragraph "10".

11. Admits allegations contained in Paragraph "11".

12. Denies allegations contained in Paragraph "12".

13. Admits allegations contained in Paragraph "13".

14. Admits allegations contained in Paragraph "14".

15. Denies allegations contained in Paragraph "15".

16. The Defendant repeats and realleges Paragraph "1" though Paragraph "15".

## AFFIRMATIVE DEFENSE

17. Upon information and belief, the Debtor has worked due diligently and in the good faith to comply with the applicable Bankruptcy rules and the Trustee's requirements during the pending of his Bankruptcy case. The Debtor has provided all information and explanation requested by the US Trustee and is willing to provide further explanations upon the request of the US Trustee.

18. "One of the central purposes of the Bankruptcy Code and the privilege of discharge is to allow the 'honest but unfortunate debtor' to begin a new life free from debt." *In re Cacioli, 463 F.3d 229, 234 (2d Cir. 2006) (citing Grogan v. Garner, 498 U.S. 279, 286–87 (1991))*. In light of this purpose, a denial of discharge is an extremely serious sanction, and therefore, § 727 must be construed strictly against those who object to a debtor's discharge and liberally in favor of the debtor. *In re Cacioli, 463 F.3d at 234.*

19.     Section 727(a)(4) of the Bankruptcy Code provides that the debtor shall receive a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." *11 U.S.C. § 727(a)(4)(A)*. To state a claim for denial of discharge under Section 727(a)(4), a plaintiff must allege that the debtor made a statement under oath; the statement was false; the debtor knew the statement was false; the debtor made the statement with fraudulent intent; and the statement related materially to the bankruptcy case. *Calucci & Legum v. Murray (In re Murray), 249 B.R. 223, 228 (E.D.N.Y. 2000)*.

20.     The essential elements of 7 this cause of action are that 1) the debtor made a statement under an oath, 2) the statement was false, 3) the debtor knew that the statement was false, 4) the debtor made the statement with fraudulent intent and 5) the statement related materially to the bankruptcy case. *11 U.S.C. §727(a)(4). In re Boyer, 2009 WL 1635922 at 3; In re Dubrowsky, 244 B.R. at 571-573; In re Silverstein, 151 B.R. at 662; In re Miller, 97 B.R. at 764; In re Beaubouef, 966 B.R. at 178; In re Yadidi, 274 B.R. at 852.*

21.     Further, section 727(a)(5) provides that the court shall grant the debtor a discharge, unless— . . . (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities . . . . *11 U.S.C. §727(a)(5)*.

22.     Upon information and belief, the Debtor fully disclosed information regarding his financial affairs, particularly with regards to his marital status and living arrangement. In the Official Form 122A-1 of the Debtor's Petition, it is listed that the Debtor and his spouse are legally separated, as at the time of Chapter 7 bankruptcy filing, they have maintained separate accounts, separate household and file separate Income Tax.

23. In the Instruction for Official Bankruptcy Form 6I: Your Income (Schedule I), it is stated that if you are separated and your spouse is not filing with you, do not include information about your spouse.

24. Further, under 11 U.S.C. § 707(b)(2)(A) a debtor does not need to include their non-filing spouse's income on the Means Test if the debtor declares under penalty of perjury that they are legally separated from their spouse or they are living apart.

25. Therefore, the Debtor has completed the Petition in accordance to the Bankruptcy rules and procedure.

26. Furthermore, In re Montalto it is stated that "Under §§ 707(b)(2)(A) and 101(10A), the income of a non-filing spouse which is regularly contributed to household expenses of the debtor or the debtor's dependents must be included in a debtor's disposable income analysis. A debtor does not need to include their non-filing spouse's income on the Means Test if the debtor declares under penalty of perjury that they are legally separated from their spouse or they are living apart." *In re Mantalto, 537 B.R. 147 (Bankr. E.D.N.Y. 2015).*

27. Here, the Debtor and his non-filing spouse are legally separated. Despite the fact that they are still married, they live on separate floors of a two-story apartment, they maintain separate accounts, separate household and file separate Income Tax Returns and even more, upon information and belief, the non-filing spouse does not contribute to household expenses of the Debtor. The debtor and his estranged wife speak only when necessary, and do not have knowledge of each other's income or personal expenses.

*28.* Additionally, "the essential thing is not separate roofs, but separated lives — that the parties so live, whether under one roof or two, as to abandon with apparent permanency of

intention, the relation of husband and wife in all but the most technical legal sense." *Hurd v. Hurd, 86 U.S.App.D.C. 62, 179 F.2d 68 (D.C.Cir.1949).*

29. Moreover, at the 341 meeting and the 2004 examination, conducted by the Plaintiff's attorney, the Debtor declared that he is separated from his wife since 2017, and that they pay household and other expenses separately. No additional documents or information regarding the Debtor's separation were requested by any Party after the 341 meeting and 2004 examination. An original separation agreement executed by the Debtor and his wife on April 7, 2017 and as well as an Amendment to it dated July 5, 2019 have been submitted to the US Trustee's office upon request and attached herein as Exhibit A.

30. Further, in the previously filed Bankruptcy case in 2017 (case Number 1-17-42905-cec), the non-filing Debtor's spouse was listed in the Schedule I, as at that time they still had some joint expenses, despite the fact that the separation agreement was already concluded between the Debtor and his spouse. Since that time the Defendant's financial affairs have been changed, and the Defendant duly disclosed it.

31. Base of the foregoing, Plaintiff has been properly informed about the separation and living arrangement of the Defendant and had enough time and ample opportunity to obtain the separation agreements or any of the pertinent information.

32. Furthermore, the Plaintiff have ample opportunity to challenge the fidelity and accuracy of the Debtor's testimony with the regard to the separation both after 314 meeting and 2004 examination and has not done so to date. Furthermore, the plaintiff is not challenging the authenticity of the separation agreement or truthfulness of the Debtor's testimony in the complaint. On the contrary, they simple choose to overlook the fact that this information was both disclosed

in testimony and provided documentarily and was never questioned by the Plaintiff or the bankruptcy trustee appointed in the case.

33.     Additionally, the Debtor has settled his bankruptcy estate with the trustee and made payments for the trustee's interest in all unexempt property which will be paid over to creditors.

**WHEREFORE**, Defendant, Vladimir Binkevich, by and through its attorney, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C. respectfully requests that the Court to dismiss the Complaint in its entirety; an and for such other and further relief that the Court deems just and proper.

Dated: June 4, 2020  
Brooklyn, NY

/s/ Alla Kachan  
Alla Kachan, Esq.  
Law Offices of Alla Kachan, P.C.  
3099 Coney Island Avenue, 3rd. Fl.  
Brooklyn, NY, 11235