# EXHIBIT E

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

    Vladimir Binkevich,

                Debtor.
------------------------------------------------------------X
Viktor Gubenko

                Plaintiff,

-against-

Vladimir Binkevich

                Defendant
------------------------------------------------------------X

Chapter 7

Case No.: <u>1-19-43558-cec</u>

Adv. Pro. No. 1-20-01025-cec

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF (i) INTERRPGATORIES DIREVTED TO DEFENDANT; (ii) REQUESTS FOR PRODUCTION OF DOCUMENTS AND (iii) REQUESTS FOR ADMISSIONS TO DEFENDANT VLADIMIR BINKEVICH

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, applicable here under Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, and 7036, Defendant Vladimir Binkevich hereby respond to Plaintiff's Viktor Gubenko, interrogatories.

### DEFENDANT'S RESPONSES TO REQUEST FOR ADMISSION PURSUANT TO FED.R.CIV.P. 34

1. The Defendant denies this allegation.
2. The Defendant admits this allegation.

3. The Defendant denies this allegation.

4. The Defendant admits this allegation.

5. The Defendant admits this allegation.

6. The Defendant admits this allegation.

7. The Defendant admits this allegation.

8. The Defendant denies this allegation.

9. The Defendant denies this allegation.

10. The Defendant denies this allegation.

11. The Defendant denies this allegation.

12. The Defendant denies this allegation.

13. The Defendant denies this allegation.

14. The Defendant denies this allegation.

15. The Defendant denies this allegation.

16. The Defendant admits this allegation.

17. The Defendant denies this allegation.

18. The Defendant denies this allegation.

19. The Defendant admits this allegation.

20. The Defendant denies this allegation.

21. The Defendant denies this allegation.

22. The Defendant denies this allegation.

23. The Defendant denies this allegation.

24. The Defendant denies this allegation.

25. The Defendant denies this allegation.

26. The Defendant denies this allegation.

27. The Defendant denies this allegation.

28. The Defendant denies this allegation.

29. The Defendant denies this allegation.

30. The Defendant admits this allegation.

31. The Defendant denies this allegation.

32. The Defendant denies this allegation.

33. The Defendant denies this allegation.

34. The Defendant denies this allegation.

35. The Defendant denies this allegation.

## DEFENDANT'S RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Identify every payment or other transfer to your children or to the benefit of children in the seven years prior to the Chapter 11 Case.

**RESPONSE:** All payments could be found at bank statements. Upon information and belief, there were only birthday and graduation gifts under $1000. Further, there was a transfer of the apartment located at 428 Ovington Ave, Apt 3A ("apartment") to the Trust on April 2017, where Stella Binkevich and Dmitriy Binkevich, Defendant's children, were a beneficiary. Thereafter, the trust was revoked and the sole asset in the trust, was transferred back during the pendency of Chapter 11 case and prior to the filing of Chapter 7 case.

**INTERROGATORY NO. 2** Did you inform Debtor's Counsel of the Trust prior to the filing of the Chapter 11?

**RESPONSE:** Yes

**INTERROGATORY NO. 3**: What was the reason for transferring the Apartment into the Trust?

**RESPONSE:** Estate planning purposes due to declining health and several acute health issues.

**INTERROGATORY NO. 4**: Did your transfer other property into to a trust from June 11, 2007 other than the transfer of the Apartment?

**RESPONSE:** No

**INTERROGATORY NO. 5**: State all the payments made by the Non-Filing Spouse for expenses listed in Schedule J of the Debtor's Chapter 7 Schedules.

**RESPONSE:** Currently, Non-Filing Spouse does not pay anything. At the time of filing, she paid only half of the primary mortgage payment.

**INTERROGATORY NO. 6**: State the basis for not including the Non-Filling Spouse contributions in the Chapter 7 Schedules.

**RESPONSE:** Separation agreement and no contributions other than the contributions toward the primary mortgage.

**INTERROGATORY NO. 7**: State the basis for including the Non-Filling Spouse contributions in the Chapter 11 Schedules.

**RESPONSE:** In Chapter 11 case, the non-filing Debtor's spouse was listed in the Schedule I, as at that time they still had some joint expenses, despite the fact that the separation agreement was already in full force and effect between the Debtor and his spouse.

**INTERROGATORY NO. 8**: State the basis for failing to list in the Chapter 11 Schedules the (i) Apartment and (ii)Trust.

**RESPONSE:** The transfer to the Trust was listed in the Statement of Financial Affairs, question 18, as a transfer outside of the ordinary course of business within the two years of the Bankruptcy filing.

**INTERROGATORY NO. 9:** State the basis for the valuation in your Chapter 7 Schedule and Chapter 11 Schedules of (a) Euro Import Distribution, Inc, (b) Eurostar, LLC, (c) Euro Import, Inc, (d) Euro Import Bell, LLC and (f) Bay Ridge Associates, Inc.

**RESPONSE:** Regarding (a),(b),(c) and (d) – Tax returns, bank statements and personal knowledge as to the current value of the assets of each respective corporation.

Regarding (f) – Viktor Gubenko managed the financial affairs of Bay Ridge Associates, Inc and was asked to provide the information by Chapter 7 Trustee.

The evaluation was also based on the personal knowledge of the Debtor.

**INTERROGATORY NO. 10:** State the basis for the valuation in your Chapter 7 Schedule and Chapter 11 Schedules of (a) Euro Import Distribution, Inc, (b) Eurostar, LLC, (c) Euro Import, Inc, (d) Euro Import Bell, LLC and (f) Bay Ridge Associates, Inc.

**RESPONSE:** This question is identical to No 9, above and has been answered above.

**INTERROGATORY NO. 11:** Please provide the addresses of your children?

**RESPONSE:** Objection, this information is irrelevant, and the request is unduly broad and burdensome.

**INTERROGATORY NO. 12:** Do your children own their apartments?

**RESPONSE:** Objection, this information is irrelevant, and the request is unduly broad and burdensome.

### DEFENDANT'S RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** The Trust and any and all Documents in your possession which relate to the Trust.

**RESPONSE:** The requested documents were provided to Chapter 7 Trustee and, upon information and belief, the Chapter 7 Trustee had forwarded them to the Plaintiff's counsel upon request.

**REQUEST FOR PRODUCTION NO. 2:** All documents which relate to or concern any response to the Interrogatories.

**RESPONSE:** The requested documents were provided to Chapter 7 Trustee and, upon information and belief, the Chapter 7 Trustee had forwarded them to the Plaintiff's counsel upon request.

**REQUEST FOR PRODUCTION NO. 3**: All communications with Igor Gitelman regarding (a) Euro Import Distribution, Inc, (b) Eurostar, LLC, (c) Euro Import, Inc, and (d) Euro Import Bell, LLC.

**RESPONSE:** Not available

**REQUEST FOR PRODUCTION NO. 4**: All communications with Mark Kotlyar regarding Bay Ridge Associates, Inc.

**RESPONSE**: Not available

**REQUEST FOR PRODUCTION NO. 5**: All communications and correspondence regarding (a) Euro Import Distribution, Inc, (b) Eurostar, LLC, (c) Euro Import, Inc, and (d) Euro Import Bell, LLC.

**RESPONSE:** Not available

**REQUEST FOR PRODUCTION NO. 6**: The books and records from 2012 for (a) Euro Import Distribution, Inc, (b) Eurostar, LLC, (c) Euro Import, Inc, (d) Euro Import Bell, LLC and (f) Bay Ridge Associates, Inc.

**RESPONSE**: The books and records do not exist. Income Tax and available bank statements were provided to the Chapter 7 Trustee, and in turn, upon information and belief, made all information available to Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 7**: Any and all records of any payment made by the Defendant for the expenses listed in Schedule J of the Chapter 7 Schedules.

**RESPONSE**: Income Tax and bank statements, evidencing monthly payments, were provided to Chapter 7 Trustee and, upon information and belief, the Chapter 7 Trustee had forwarded them to the Plaintiff's counsel. No other information exists.

**REQUEST FOR PRODUCTION NO. 8**: Any and all reports, summaries, or other documents prepared, reviewed, relied upon, or which may be reviewed or relied upon, by any expert whom you expect to call to testify in this case.

**RESPONSE**: Income Tax and bank statements were provided to Chapter 7 Trustee and, upon information and belief, the Chapter 7 Trustee had forwarded them to the Plaintiff's counsel upon request. Monthly operating report in the Chapter 11 case were filed on the monthly basis. We reserve the right to call Wisdom Professional as an expert witness.

**REQUEST FOR PRODUCTION NO. 9**: If not already provided in response to prior requests above, please produce all documents you believe support any purported defenses to the claims set forth in the Complaint.

**RESPONSE**: Please see the transcript from the Deposition conducted by Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 10**: If not already provided in response to prior requests above, please produce all accounting records, including invoices, ledgers, journals, bank records in your possession relating to (a) Euro Import Distribution, Inc, (b) Eurostar, LLC, (c) Euro Import, Inc, (d) Euro Import Bell, LLC and (f) Bay Ridge Associates, Inc.

**RESPONSE:** Income Tax, records and bank statements were provided to Chapter 7 Trustee and, upon information and belief, the Chapter 7 Trustee had forwarded them to the Plaintiff's counsel upon request. At the time the corporate case were pending, monthly operating reports for each Corporations were filed on the docket.

**REQUEST FOR PRODUCTION NO. 11**: All documents concerning the Affirmative Defenses asserted in the Answer.

**RESPONSE:** All Documents in possession and control were provided to Chapter 7 Trustee and, upon information and belief, the Chapter 7 Trustee had forwarded them to the Plaintiff's counsel.

**REQUEST FOR PRODUCTION NO. 12**: All documents concerning Defendant's assertion, if any, that transferring the Apartment to the Trust was not a "fraudulent transfer" within in the meaning of 11 U.S.C. section 548.

**RESPONSE:** There is no "fraudulent transfer" and no damages therefore to be established as the property was transferred back and returned into the estate, prior to Chapter 7 filing.

I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and recollection.

                         /s/ _Vladimir Binkevich_
                         Vladimir Binkevich