# EXHIBIT F

This **SEPARATION AGREEMENT** (the "Agreement") is made this _17_ th day of April, 2017 between **RAISA PLEPLER**, (hereinafter referred to as "Wife") and **VLADIMIR BINKEVICH**, (hereinafter referred to as "Husband").

## W I T N E S S E T H :

**WHEREAS**, the parties are husband and wife and were married on June 7, 1980 in the City of Donetsk, Ukraine, in a civil ceremony; and

**WHEREAS**, there are two (2) emancipated child of the marriage, and no other children are expected; and

**WHEREAS**, certain unhappy and irreconcilable differences have arisen between the parties, as a result of which they have separated and are now living separate and apart from each other, and it is their desire to enter into an Agreement under which their respective financial and property rights and all other respective rights, remedies, privileges and obligations to each other, arising out of the marriage relation or otherwise, shall be fully prescribed and bounded thereby; and

**WHEREAS**, each party has been fully, separately and independently advised of his or her legal rights, remedies, privileges and obligations arising out of their marriage relationship or otherwise, by counsel of their own choice and selection; and

**WHEREAS**, the parties having had explained to them by their independent legal counsel the provisions of New York law affecting financial and property rights of spouses, make this Agreement in full and complete satisfaction of all claims each may have against the other under any law; and

**WHEREAS**, the parties are entering into this Agreement of their own free will, without force, coercion or duress of whatever nature; and

**WHEREAS,** each of the parties fully understands the terms, covenants and conditions of this Agreement, and is of the belief that this Agreement is fair, just, adequate and reasonable as to each of them and is fully satisfied with its terms, and after due consideration and advice of their attorneys, freely and voluntarily accepts and agrees to be bound by the terms, conditions and provisions set forth herein; and

**WHEREAS,** the parties hereto each warrant and represent to one another that they and each of them, fully understand all of the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of this Agreement to be performed or contemplated by each of them hereunder, and each believes the same to be fair, just, reasonable and to his or her respective individual best interests;

**WHEREAS,** the parties desire that this Agreement, which is entered into after due and considered deliberation, shall constitute an agreement between them pursuant to DRL § 236B(3) with respect to any and all funds, assets or property of any kind or nature, wheresoever situated, now owned by the parties or either of them, or outstanding in their respective names, or which may hereafter be acquired by either of the parties, and with respect to all other rights and obligations arising out of the parties' marital relationship;

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants and agreements hereinafter contained, the parties hereby agree as follows:


## ARTICLE I

## MUTUAL RELEASE AND DISCHARGE OF GENERAL CLAIMS

1.1     Subject to the provisions of this Agreement, each party has remised, released and forever discharged, and by these presents does for himself or herself, and his or her heirs, legal

representatives, executors, administrators and assigns, remise, release and discharge the other of and from all cause or causes of actions, claims, rights or demands whatsoever, in law or in equity, which either of the parties hereto ever had, or now has, against the other or against any entities in which either party has or had an interest except as to any cause of action arising out of this Agreement.

## ARTICLE II

## MUTUAL RELEASE AND DISCHARGE OF CLAIMS IN ESTATES

2.1.    Each of the parties to this Agreement desires to accord to the other the absolute and unrestricted right, privilege and power to dispose of any and all property on death which may belong to him or to her at such time, except as otherwise provided herein.  Therefore, each party hereby forever releases, waives or relinquishes any and all rights or claims of any kind, character, or nature whatsoever which he or she may now have, or may hereafter acquire to the estate, property, assets or to any other effects of the other under the present or future laws of this or any other jurisdiction except as otherwise provided herein; and

2.2.    Each party hereby forever waives the right to share in any wrongful death recovery for their respective spouse's death. Each spouse shall be deemed disqualified to share in any recovery from wrongful death under Section 5-4.4 of the ESTATES, POWERS AND TRUSTS LAW of the State of New York, or any successor thereto, or similar or subsequently enacted statutes.

## ARTICLE III

## SEPARATE RESIDENCES

3.1    It is, and shall be, lawful for the parties hereto at all times to live separate and apart from each other and to reside from time to time at such place or places as each of such

parties may deem fit, and to contract, carry on, and engage in any employment, business, or trade which either may deem fit, free from control, restraint or interference, direct or indirect, by the other in all respects as if such parties were single and unmarried.

3.2    Neither party shall in any way molest, disturb or trouble the other or interfere with the peace and comfort of the other or compel or seek to compel the other to associate, cohabit or dwell with him or her by any action or proceeding for restoration of conjugal rights or by any means whatsoever.

## ARTICLE IV

## RESPONSIBILITY FOR DEBTS

4.1.    Other than the existing mortgage on the Residence which shall become the Wife's sole responsibility as set forth in Section 5.2.2, the parties represent that there are no joint debts between them. Each party shall be responsible for any debt and/or liability in his or her name, and each agrees to indemnify and hold the other harmless from any and all claims and damages arising from breach of this provision, including reasonable attorneys' fees.

4.2.    Subject to the provisions of this Agreement, the Husband covenants and represents that he has not heretofore, nor will he hereafter, incur or contract any debt, charge or liability whatsoever for which the Wife, her legal representatives or her property or estate, may become liable; and the Husband further covenants to keep the Wife free, harmless and indemnified of and from any and all debts, charges or liabilities hereafter contracted by him for himself or for the account of any other person.

4.3.    Subject to the provisions of this Agreement, the Wife covenants and represents that she has not heretofore, nor will she hereafter, incur or contract any debt, charge or liability whatsoever for which the Husband, his legal representatives or his property or estate, may

become liable; and the Wife further covenants to keep the Husband free, harmless and indemnified of and from any and all debts, charges, or liabilities hereafter contracted by her for herself or for the account of any other person.

## ARTICLE V

## SEPARATE OWNERSHIP AND EQUITABLE DISTRIBUTION

5.1.    Except as hereinafter set forth, all of Husband's interest in any marital property including all assets and liabilities related to such marital property shall be transferred herewith to the Wife and the Husband acknowledges that he has no right, title or interest in any of said marital property.

5.2.    <u>428 Ovington Avenue, Unit 3A, Brooklyn, New York 11209.</u>

5.2.1. The Husband and the Wife was a titleholder to the marital residence, a property located at 428 Ovington Avenue, Unit 3A, Brooklyn, New York 11209 (hereinafter the "Residence").

5.2.2.   The Wife shall have all responsibility for the mortgage and all debts and liabilities related to the Residence.  Upon any sale of the Residence, the Wife shall receive all proceeds from the sale of the Residence.  Notwithstanding the foregoing, the Husband shall have the right to remain and reside in the Residence until such sale is consummated.

5.3.    <u>Pension and Retirement Account</u>

5.3.1.   Each party hereby waives his or her respective rights to the other party's pension, profit-sharing, 401K, Keogh, IRA plan, employee stock ownership, stock bonus or other retirement or other employee benefit or retirement plan pension, profit-sharing, 401K, Keogh, IRA plan, employee stock ownership, stock bonus or other retirements or employee or retirement plan (a "Pension or Retirement Plan").  With respect to any interest of a party to this Agreement

("Participant") under such Pension or Retirement Plan, which requires the consent (written or verbal) of the Participant's spouse in order to designate a person other than the Participant's spouse as the beneficiary of any benefits thereunder, including, but not limited to, a joint and survivor annuity form of benefit, whether distributable before or after any particular age or even, each party to this Agreement hereby agrees to execute and acknowledge such spousal consent(s) as the Participant shall request at any time effectively to permit Participant, his or her sole absolute discretion, to designate any person or entity as the beneficiary and/or select the method of distribution of benefits thereunder, whether distributable before or after any particular age or event, and to change such designation of beneficiary or method of distribution there-after without obtaining the consent of the Participant's spouse to such further changes.

5.3.2. Each party acknowledges that he or she understands the effect of the other elections and his or her consent thereto. Each party further agrees that in the event of the death of the Participant prior to such consents having been given by the other party, if required such other party shall cooperate with the estate of the Participant fully to effectuate the intent of this Article, including, but not limited to, the execution and/or acknowledgment of any written consents that may be necessary. Should the Husband or Wife fail to change the beneficiary designation information with the plan administrator or financial institution relative to any retirement asset, and the other party remains, in whole or in part, the named beneficiary of any retirement asset, upon the Husband's or Wife's death, the other party nonetheless agrees to renounce and disclaim any interest therein, and that said proceeds shall return to the estate of the deceased party. Either party shall be free to supersede the effect of the preceding sentence by making specific provision for the other in a Last Will and Testament executed after the date hereof.

5.4.    <u>Personal Property:</u>

5.4.1.  The Wife shall retain all of the furnishings, art and other personal property at the Residence, free from any claim of the Husband.

5.5.    <u>Bank Accounts</u>

5.5.1.      Upon the execution of this Agreement, the party holding title to any bank or investment accounts shall maintain sole and exclusive ownership of said accounts and the non-titled spouse waives his/her right, title and interest to said accounts.

5.5.2. Each party's past, present and future assets, income and earnings, academic degrees, certificates, licenses, memberships, achievements and careers, professional and executive goodwill, career enhancement, earning potential, earning capacity, enhanced earnings, and enhanced earning capacity shall be that party's sole and exclusive property, and the other party waives and relinquishes any and all claims, rights, title and interest in and to, and accepts the provisions of this Agreement in full settlement of all claims to, such property.

5.6.    The parties acknowledge and recognize that all payments and transfers to be made pursuant to this Article represent and constitute a property settlement between spouses, and, as a result, none shall be included in the recipient/transferee's gross income under Section 71 of the Internal Revenue Code of 1986, as amended, and shall not be allowable as deduction to the payer/transferor under Section 215 thereof (and the corresponding provisions of applicable State and local tax laws). The parties further acknowledge that as a result thereof, no federal, state or local tax consequences shall occur as a result of any of the payments and/or transfers between the parties pursuant to this Article, but that any tax consequences incurred in the future as a result of the sale or transfer of property or other assets to third parties shall be borne solely by the party in whose name title is held.

5.6.1. Each party accepts the provisions herein contained as a full and final settlement and satisfaction of any and all claims and rights that she or he may now or hereafter have against the other for equitable distribution and/or a distributive award of marital property under the DRL, EDL or any applicable past, present or future law of this or any other jurisdiction. Each party represents that the terms of the Agreement represent an equitable distribution of their marital property in view of the monetary and non-monetary contributions made by each of them to the acquisition of marital property, contributions of their time and energy, and the considerations set forth in the DRL and the EDL.

## ARTICLE VI

## IMPLEMENTATION

6.1    The Husband and Wife shall at any and all times, upon request by the other party or his or her legal representatives, make, execute and deliver any and all such other and further instruments as may be necessary or desirable for the purpose of giving full force and effect to the provisions of this Agreement, without charge therefor.

## ARTICLE VII

## INCOME TAX RETURNS

7.1    The parties have heretofore filed joint income tax returns with the federal, state and local taxing authorities and shall continue to do so until the parties obtain a judgment of divorce or a party's death.

## ARTICLE VIII

## SPOUSAL SUPPORT AND MAINTENANCE

8.1.    Each party has been provided with full knowledge of the law which affects spousal support, maintenance and alimony in New York, including, without limitation, the following statutory factors set forth in Section 236(B)(6) of the DRL which courts consider in determining maintenance awards:

(i)    the income and property of the respective parties including marital property distributed pursuant to subdivision five of DRL Section 236(B);

(ii)    the duration of the marriage and the age and health of both parties;

(iii)    the present and future earning capacity of both parties;

(iv)    the ability of the party seeking maintenance to become selfsupporting and, if applicable, the period of time and training necessary therefore; reduced or lost lifetime earning capacity of the party seeking maintenance as a result of having foregone or delayed education, training, employment, or career opportunities during the marriage;

(v)    presence of the child of the marriage in the respective homes of the parties;

(vi)    the tax consequences to each party;

(vii)    contributions and services of the party seeking maintenance as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party; the wasteful dissipation of marital property by either spouse;

(viii)    any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration; and

(ix)    any other factor which the court shall expressly find to be just and proper.

8.2.    The Husband shall make no payment for spousal support and maintenance.

## ARTICLE IX

## MEDICAL INSURANCE AND RELATED EXPENSES

9.1    The Husband shall continue to maintain medical/dental insurance coverage for the Wife, namely CIGNA, ID Number U12507220 01; However each party shall pay his/her premium of such medical/dental coverage.

## ARTICLE X

### DEFAULT

10.1    If either party (the "defaulting party") shall default with respect to any payment or obligation due to the other party (the "other party") under this Agreement and said default shall not be remedied within thirty (30) days after the other party shall send written notice, by certified or overnight mail, to the defaulting party specifying such default, the defaulting party agrees to indemnify the other party against, and to reimburse the other party for, any and all expenses, costs and reasonable attorneys' fees incurred by the other party, resulting from or made necessary by reason of the other party's action, motion or other proceeding, to enforce any of the terms, covenants or conditions of this Agreement to be performed or complied with by the defaulting party, or to enforce any of the other party's rights to recover any amount to be paid to the other party by the defaulting party pursuant to this Agreement, provided that such action or other proceeding shall result in a judgment, decree or order in favor of the other party.

10.2    For the purposes of this Agreement, it is understood and agreed that in the event that the other party shall institute an action, motion or other proceeding against the defaulting party to enforce any of the terms, covenants or conditions of this Agreement, and after the institution of such action, motion or proceeding; and before judgment shall or can be entered, the defaulting party shall comply with such term or condition of the agreement, then and in that event, the action, motion or proceeding instituted by the other party shall be deemed to have resulted in a judgment, decree or order in favor of the other party.

## ARTICLE XI

### FULL DISCLOSURE

11.1  Each of the parties represents that both the legal and practical effect of this Agreement in each and every respect, and the financial status of each has been fully discussed by and between both of them and explained to them by their respective attorneys of their own free choosing; further, that each of the parties fully understands the facts and circumstances involved herein and has been fully informed of his and/or her respective legal rights, benefits and liabilities; each party has received advice and counsel from his or her respective attorneys, and the parties believe that this is a fair, just and reasonable Agreement; that the same has not been entered into as a result of any fraud, duress or undue influence exercised by either party upon the other or by any other person or persons upon either of them.

11.2  That each has had full and complete discovery as required and time and opportunity to have such disclosure as each deemed necessary, and does hereby unequivocally waive any further or other disclosure.

## ARTICLE XII

### MODIFICATION AND WAIVER

12.1  Neither this Agreement, nor any provision hereof, shall be amended or modified, or deemed amended or modified, except by an Agreement in writing duly subscribed and acknowledged with the same formality as this Agreement.  Any waiver by either party of any provision of this Agreement or any right or option hereunder shall not be deemed a continuing waiver and shall not prevent or stop such party from thereafter enforcing such provision, right or option, and the failure of either party to insist in any one or more instances upon the strict performance of any of the terms or provisions of this Agreement by the other party shall not be

construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect.

## ARTICLE XIII

## LEGAL INTERPRETATION

13.1    All matters affecting the interpretation of this Agreement and the rights of the parties hereto shall be governed by the laws of the State of New York.

## ARTICLE XIV

## POSSIBLE INVALIDITY

14.1    In case any provision of this Agreement should be held to be contrary to or invalid under the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way any other provision hereof, all of which shall continue, nevertheless, in full force and effect in any country, state or jurisdiction in which such provision is legal and valid.

## ARTICLE XV

## RECONCILIATION AND MATRIMONIAL DECREE

15.1    This Agreement shall not be invalidated or otherwise affected by a reconciliation between the parties hereto, or a resumption of marital relations between them.  This Agreement shall not be invalidated or otherwise affected by any decree or judgment of separation or divorce made by any court in any action which may presently exist or may hereafter be instituted by either party against the other for a separation or divorce, and the obligations and covenants of this Agreement shall survive any decree or judgment of separation or divorce and shall not merge therein, and this Agreement may be enforced independently of such decree or Judgment.

15.2    Both parties agree, stipulate and consent that no judgment, order or decree in any action for divorce or separation, whether brought in the State of New York, or in any other state

or country having jurisdiction of the parties hereto shall make any provisions or affect the property rights of either party inconsistent with the provisions of this Agreement, but if any provision be made in any judgment, order or decree which is inconsistent with the provisions of this Agreement, or imposes a different or greater obligation on either of the parties hereto than provided in this Agreement, the provision of this Agreement shall take precedence and shall be the primary obligation of both parties hereto. It is further agreed that upon the trial of the within action or any other matrimonial action between the parties in any court of competent jurisdiction, the party instituting such action shall provide that the provisions of this Agreement be entered into the record of such action as an Agreement between the parties of all issues covered herein, and shall survive and shall not be merged into the divorce decree, and that the entire Agreement shall be placed into evidence and a copy of said Agreement shall be presented to the Court. It is expressly understood that the terms and conditions of this Agreement are to be incorporated into any subsequent divorce decree and shall not be merged therein but shall survive such decree of divorce.

  15.3 Notwithstanding the above, in the event that the parties hereafter reconcile and resume cohabitation with one another under circumstances evincing an intent to abandon this agreement or; if the parties, subsequent to the granting of a divorce dissolving their marriage, thereafter, remarry each other, the terms and conditions of this Agreement shall not be vitiated or rendered nugatory, but the terms and conditions of this Agreement shall be deemed an Agreement during marriage pursuant to Domestic Relations Law, Section 236, Part B, subd. 3, and shall be in full force and effect in the event of the subsequent physical separation of the parties, or subsequent divorce or legal separation of the parties.

**ARTICLE XVI**
**LEGAL REPRESENTATION AND FEES**

16.1    Each party represents that he or she has afforded the other and her respective counsel full and complete access to all information concerning that party's assets, property and income. Each party has made independent inquiry into the complete financial circumstances of the other, and acknowledges that he or she is fully informed of the income, assets and financial prospects of the other, is aware of all separate property and all marital property as defined in Section 236 of the Domestic Relations Law, and is satisfied that full disclosure has been made.

16.2    The Wife has been represented by the law firm of Beress & Zalkind PLLC. The Husband has waived representation after being fully informed of all matters relating to this Agreement.

16.3    Each party acknowledges that all of the matters embodied in this Agreement, including all terms, covenants, conditions, waivers, releases and other provisions contained herein, are fully understood by him or her; that he or she is entering into this Agreement freely, voluntarily and after due consideration of the consequences of doing so; and that this Agreement is valid and binding upon him or her.

16.4    The parties acknowledge that there may be certain tax consequences pertaining to the Agreement, that each party has been offered full opportunity to obtain independent tax advice from qualified tax accountants or tax counsel regarding all the terms and provisions of the Agreement as well as said tax consequences prior to each of them signing the Agreement. The Wife's attorneys have informed the respective parties that they are not qualified tax experts by reason of training or experience. Each party has explicitly and positively declined to obtain such independent tax advice prior to each of them executing the Agreement.

16.5    Each party acknowledges that the provisions of the Agreement are fair, adequate and reasonable, are fully satisfactory to each of them, not unconscionable, to their respective best

interests, and each accepts the same in full and final settlement and satisfaction of any and all claims and rights that each may now or hereafter have against the other for spousal support and maintenance or alimony, equitable distribution, distributive award or otherwise.

16.6    Each party represents that he or she has carefully read the Agreement and understands its provisions. Each party acknowledges that he or she is entering into the Agreement of his or her own free will and not as a result of undue influence, coercion or duress.

## ARTICLE XVII

### ENTIRE UNDERSTANDING

17.1    This Agreement contains the entire understanding of the parties who hereby acknowledge that there have been and are no representations, warranties, covenants or understandings other than those expressly set forth herein.

## ARTICLE XVIII

### GENERAL PROVISIONS

18.1.    This Agreement and all the obligations and covenants hereunder shall bind the parties hereto, their heirs, executors, administrators, legal representatives and assigns and shall inure to the benefit of their respective heirs, executors, administrators, legal representatives and assigns.

18.2.    This Agreement and its provisions merge all prior agreements, if any, of the parties and is the complete and entire agreement of the parties.  The parties intend this Agreement to supersede any and all agreements made or heretofore entered into by them, and further agree that this Agreement shall constitute a final and definitive agreement pursuant to Domestic Relations Law Section 236(b)(3).  No modification or waiver of this Agreement or any

part thereof shall be valid or effective unless in writing and signed and acknowledged by both of the parties, and no waiver of any breach or condition or this Agreement shall be deemed to be a waiver of any other or subsequent breach or condition, whether of like or different nature.

18.3.   This Agreement and all of the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the laws of the State of New York.

18.4.   Each of the parties hereto, without cost to him or to her, shall at any time and from time to time hereafter, execute and deliver any and all further instruments, documents and assurances and perform any acts that the other party, or his or her agent or legal representative, may reasonably request for the purpose of giving full force and effect to the provisions of this Agreement.

18.5.   In the event that any term, provision, paragraph or Article of this Agreement is, or is declared, illegal, void or unenforceable, the other terms, provisions, paragraphs or Articles of this Agreement shall not be affected or impaired.   The doctrine of severability shall be applied.   The parties do not intend by this statement to imply the illegality, voidness or unenforceability of any term, provision, paragraph or Article of this Agreement.

18.6.   This Agreement embodies all understandings and agreements between the parties and is intended to supersede any and all rights either party might have under Part B of Section 236 of the Domestic Relations Law. And, except as herein provided, each of the parties hereto hereby waives and releases any and all rights and claims of every kind, nature or description that either of them may now have or may acquire in the assets of the other by reason of Section 236 of the Domestic Relations Law and any law amendatory thereto in this or any other jurisdiction, domestic or foreign.   There are no representations, promises, warranties, covenants or understandings other than those expressly set forth herein.

18.7.   All notices or other communications by either party required under this Agreement, shall be in writing and sent to the other party by overnight mail or by certified or registered mail, return receipt requested, addressed to the other party at his or her address as set forth at the outset of this Agreement, unless such party shall give notice of a change in his or her address by like overnight mail or by certified or registered mail. A written notice whose receipt is acknowledged in writing signed by the party to whom the notice is addressed, shall be sufficient hereunder and need not be sent by certified or registered mail.

18.8.   Should any of the provisions of this Agreement require judicial interpretation, it is agreed that the court interpreting or construing the same shall not apply a presumption that the terms of any provisions shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who itself or through its agent prepared the same, it being agreed that both parties and their respective agents, if any, have participated in the preparation of this Agreement.

18.9.   The headings and captions of Articles and paragraphs of this Agreement are inserted solely for the convenience of reference and shall have no force or effect in connection with the enforcement or interpretation of this Agreement.

18.10. This Agreement shall be executed in four (4) counterparts, any one of which may be deemed an original.

18.11. This Agreement shall become effective when duplicate original Agreements are executed and acknowledged and exchanged by the parties.

18.12. Each party hereby acknowledges he or she is entering into this Agreement knowingly and freely and not as the result of any fraud or duress.

**IN WITNESS WHEREOF,** the parties and their attorneys hereto have hereunto set their respective hands and signed this Agreement this day, month and year first above set forth.

*Raisa Plepler*
_____
**RAISA PLEPLER,** Wife

*Vladimir Binkevich*
_____
**VLADIMIR BINKEVICH,** Husband

Witness for Wife:

*IRINA DVORKIN*
_____

Witness for Husband:

*IRINA DVORKIN*
_____

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF _Kings_   )

On the 17rd day of April in the year 2017, before me, the undersigned, a notary public in and for said state, personally appeared **VLADIMIR BINKEVICH,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

VIKTORIA A. BERESS
Notary Public, State of New York
No. 02BE6112911
Qualified in Richmond County
My Commission Expires July 12, 20 20

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF _Kings_   )

On the 17rd day of April in the year 2017, before me, the undersigned, a notary public in and for said state, personally appeared **RAISA PLEPLER,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

VIKTORIA A. BERESS
Notary Public, State of New York
No. 02BE6112911
Qualified in Richmond County
My Commission Expires July 12, 20 20

## ADDENDUM TO SEPARATION AGREEMENT DATED APRIL 17, 2017

IT IS HEREBY STIPULATED AND AGREED by and between Raisa Plepler hereinafter referred to as "Wife" and Vladimir Binkevich, hereinafter referred to as the "Husband", that the within action is hereby settled upon the following terms and conditions:

WHEREAS, the parties hereto were duly married to each other on the 7$^h$ day of June, 1980 in a civil ceremony in the City and Donetsk, in the Country of Ukraine; and

WHEREAS, there are two (2) emancipated children of said marriage, to wit: Dmitry Binkevich and Stella Binkevich; and

WHEREAS, there are no unemancipated children of said marriage; and

WHEREAS, there are no additional Children of the marriage and none are expected; and

WHEREAS, the original separation agreement was executed on April 17, 2017 and the Wife herein has been previously represented by the Law firm of Beress & Zalkind PLLC. The Husband have been and continues to appear *pro se* after having been informed that he has a right to be represented by counsel in this matter.

WHEREAS, the Wife having been fully, separately and independently apprised and advised of her legal rights, remedies, privileges and obligations, arising out of the marital relationship, or otherwise, by counsel of her own choice and selection; and

WHEREAS, the Husband having been fully, separately and independently apprised and advised of her legal rights, remedies, privileges and obligations, arising out of the marital

INITIALS RP _RP_          VB _VB_

relationship, or otherwise, and having been informed of the her right to retain counsel in this action and having proceeded *pro se* of her own choice and volition; and

WHEREAS, the parties having entered into a Separation Agreement on April 17, 2017; and

WHEREAS, each party entered into Separation Agreement on April 17, 2017 with full knowledge of all the interests, rights and privileges to the property and estate of the other which were conferred by law by virtue of their marriage, and each party was fully satisfied to accept the provisions of the Separation Agreement on April 17, 2017 in lieu and in full discharge, settlement and satisfaction of any and all such interests, rights and claims; and

WHEREAS, the parties hereto each warranted and represented to each other that they, and each of them, fully understood and still understand all of the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of the Separation Agreement on April 17, 2017, to be performed or contemplated by each of them hereunder and each party believes the same to be fair, just, reasonable and to his or her respective individual best interests and the best interests of the Child, and

WHEREAS, the parties are entering into the herein Addendum to the Separation Agreement of July 05, 2019, which shall modify the terms of the Separation Agreement of April 17 , 2017; and

WHEREAS, each party is entering into the herein Addendum to the Separation Agreement of July 05, 2019 with full knowledge of all the interests, rights and privileges to the property and estate of the other which are conferred by law by virtue of their marriage, and each party has been fully satisfied to accept the provisions of the herein Addendum to the Separation

Agreement of July _05_, 2019 in lieu and in full discharge, settlement and satisfaction of any and all such interests, rights and claims; and

WHEREAS, the parties hereto each warranted and represent to each other that they, and each of them, fully understand all of the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of the herein Addendum to the Separation Agreement of July _05_, 2019, to be performed or contemplated by each of them hereunder and each party believes the same to be fair, just, reasonable and to his or her respective individual best interests and the best interests of the Child ( ren), and

NOW, THEREFORE, in consideration of the covenants and promises contained herein, the parties hereto mutually stipulate and agree as follows:

## <u>ARTICLE I</u>

Except as modified in the herein Addendum to the Separation Agreement of July _05_, 2019, (hereinafter referred to as the "Addendum") all of the terms, conditions, agreements and stipulations of the parties' previously executed Separation Agreement, dated April 17, 2017 (hereinafter referred to as the " Separation Agreement ") shall remain in full force and effect.

## ARTICLE II

The Agreement shall be amended in that WHEREAS CLAUSE number 3 on page 1 which reads as: "WHEREAS, certain unhappy and irreconcilable differences have arisen between the parties, as a result of which they have separated and are now living separate and apart from each other......"

**This clause is hereby modified and shall be read as follow:**

"WHEREAS, certain unhappy and irreconcilable differences have arisen between the parties, however, although parties have lived separate and apart as pertaining to their finances, tax responsibilities and social lives, the parties have never physically separated for reasons of financial hardship, and neither party have moved out of their residence at any point, and to present time. Parties have been residing in same residence located at 428 Ovington Avenue, Unit 3A, Brooklyn, New York 11209".

# ARTICLE III

3.1 The Stipulation shall be amended in that:

Paragraph "4.1" of " Article IV : Responsibility for Debts"

in the original separation agreement, which reads:

"Other than the existing mortgage on the Residence which shall become the Wife's sole responsibility as set forth in section 5.2.2, the parties represent that there are no joint debts between them.

is hereby modified and should read as follow:

A.    The Wife shall be solely responsible for the original mortgage held at Wells Fargo Home Mortgage Bank, loan Number 0328503982, and the Husband shall be solely responsible for the Wells Fargo Home Equity Line of credit, consisting of account number 68317900051998 and account number 68317900051001. The Husband shall indemnify the Wife and hold the Wife harmless from any and all responsibilities and from any liabilities that may arise from Wells Fargo Bank , under account number 68317900051998 and account number 68317900051001. The Husband shall indemnify and hold harmless the Wife in connection with any additional expenses and payments related to said accounts, or any and all additional debts and/or liabilities other then stated in this paragraph at the date of the execution of this

Addendum.

## ARTICLE IV

**4.1 The Stipulation shall be amended in that:**

**Paragraph "5.1" of " Article V:** Separate Ownership and Equitable Distribution" in the original separation agreement which reads:

"Except as hereinafter set forth, all of Husband's Interest in any marital property including all assets and liabilities related to such property shall be transferred herewith to the Wife and the Husband acknowledges that he has no right title or interests of said marital property"

**Shall be null and void nor shall be enforceable in any way.**

**Paragraph "5.2.2" of " Article V:** Separate Ownership and Equitable Distribution" in the original separation agreement which reads:

"The wife shall have all responsibility for the mortgage and all debts and liabilities related to the residence. Upon any sale of the Residence, the Wife shall receive all proceeds from the sale of the Residence "

**Shall be modified and read as follows:**

"The parties acknowledge and agree that they are the owners, as tenants by the entirety, of the marital premises located at *428 Ovington Avenue, Unit 3A, Brooklyn, NY 11209,* New York (hereinafter referred to as the "Property").

The parties, having considered the circumstances of their marriage and the factors set forth for the equitable distribution of property in N.Y. Dom. Rel. Law § 236(B)(5), hereby agree as follows with respect to the division of their real property:

Within 30 days from the date of entry of divorce, parties will be entitled to their 50% share of the proceeds from the sale of the property and the proceeds thereof shall be disbursed equally and divided between the Husband and the Wife or upon mutual agreement one party may buy out the other parties 50% share of property interest."

**Paragraph "5.5.1" of "Article V: Bank Accounts"** in the original separation agreement which reads:

" Upon the execution of this Agreement, the party holding title to any bank or investment accounts shall maintain sole and exclusive ownership of said accounts and the non-titled spouse waives his/her right, title and interest to said accounts. "

**Shall be modified and read as follows:**

" Parties have maintained separate bank accounts as of January 2017, and there are no jointly held accounts and or interests held by the parties. All finances in all bank accounts held in their each individual name, separate and apart from another"

## ARTICLE V

**5.1 The Stipulation shall be amended in that:**

**Article VII , of the Separation Agreement which reads:** " The Parties heretofore file joint income tax returns with federal, state and local taxing authorities and shall continue to do so until the parties obtain judgment of divorce or a party's death".

**The above paragraph is hereby changed, and shall hereafter be and read as follows:**

"Parties have been filling their respective income tax returns with federal, state ad local taxing authorities as married, filling separately commencing year 2016"

## ARTICLE VI

## DISCLOSURE

6.   This Addendum  is entire and complete and embodies all understandings and stipulations between the parties; and no representations, stipulations, promises, undertakings or warranties of any kind or nature have been made to the other to induce the making of this Addendum, except as is expressly set forth in this Addendum and in the Separation Agreement on April 17, 2017;  nor any other document executed simultaneously herewith, and neither of the

parties shall assert to the contrary that there is any other prior Addendum or Separation Agreement oral or written, existing between them. The parties acknowledge that each has had a full and complete opportunity with respect to obtaining any and all financial information of the other, and each party has knowingly waived such and each party is satisfied, that this Addendum as well as the Separation Agreement embodies all of the terms and provisions hereof, are fair and equitable. Each party is aware and has been informed that under the law they have financial discovery rights of the other party's finances. Each party expressly represents that they have not relied upon any representations of the other except as set forth in this Separation Agreement. The parties acknowledge that they are entering into this Addendum freely and voluntarily; that they have ascertained and weighed, to their complete satisfaction, all of the facts and circumstances likely to influence their judgment; that they have sought and obtained legal advice independently of each other; and that they have been duly apprised of their respective legal rights and each has had the provisions hereof fully explained to them, and specifically of their rights under the existing laws of the State of New York as effective on and after July 19, 1980, concerning marital property, separate property, and other financial matters; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to them; that they have given due consideration to such provisions and questions; and that they clearly understand and assent to all the provisions hereof, and that this Addendum as well as the Separation Agreement constitutes a fair and adequate settlement.

# ARTICLE VII

## RECONCILIATON AND MATRIMONIAL DECREES

7.1    This Addendum shall not be invalidated or otherwise affected by a reconciliation between the parties hereto, or a resumption of marital relations between them unless said reconciliation or said resumption be documented by a written statement executed and acknowledged by the parties with respect to said reconciliation and resumption, and, in addition, setting forth that they are canceling this Addendum, and this Addendum shall not be invalidated or otherwise affected by any decree or judgment of separation or divorce made in any Court in any action which may presently exist or may hereafter be instituted by either party against the other for a separation or divorce, and the obligations and covenants of this Addendum shall survive any decree or judgment of separation or divorce and shall not merge therein, and this Addendum may be enforced independently of such decree or judgment.

7.2    Both parties agree, stipulate and consent that no judgment, order or decree in any action for divorce or separation, whether brought in the State of New York, or in any other state or country having jurisdiction of the parties hereto, shall make any provision for maintenance or affect the property rights of either party inconsistent with the provisions of this Addendum, but if any provision be made in any judgment, or decree which is inconsistent with the provisions of this Addendum, or imposes a different or greater obligation on either of the parties hereto than provided in this Addendum, the provisions of this Addendum shall take precedence and shall be the primary obligation of both of the parties hereto. It is further agreed that upon the trial of any action which may hereafter be instituted by either of the parties against the other for an absolute

divorce in any court of competent jurisdiction, the party instituting such action shall read the provisions of this Addendum relating to the custody, maintenance and support into the record of such action as a stipulation between the parties as to the question of maintenance and support, and the custody of the issue of said marriage. Such party shall further request that the decree shall contain a provision specifically reciting, in words or substance, "Said Addendum of the Separation Agreement is not merged in, but survives this decree, and the parties thereof are hereby ordered to comply with it on its terms at all times and places."

## ARTICLE VIII

## INDEPENDENT COVENANTS

8. Each of the respective rights and obligations of the parties hereunder shall be deemed to be independent and may be enforced independently, irrespective of any of the other rights and obligations set forth herein.

# ARTICLE IX

## POSSIBLE INVALIDITY

9. In case any provision of this Addendum should be held to be contrary to or invalid under the law of any country, state or other jurisdiction, such invalidity or illegality shall not in any way affect any other provisions hereof, all of which shall continue, nevertheless, in full force and effect in any country, state or jurisdiction in which such provision is legal and valid.

# ARTICLE X

## LEGAL REPRESENTATION

10.1    The Wife has been represented by Law Offices of Yanina Tabachnikova, P.C., at 807 Kings Highway, 2Fl, Brooklyn, New York 11223, as her attorney, and the Husband has chosen to proceed *pro se* after having been advised of her right to seek the aid of counsel in this proceeding.

10.2    Each party shall be solely responsible for payment of his or her own legal and professional fees incurred in connection with this action and each party represents and warrants that he or she has dealt with no other attorney for which services the other party is or may become liable and will indemnify and hold the other party harmless of all loss, expense (including reasonable attorneys' fees) and damages in the event of a breach of said representation and warranty.

## ARTICLE XI

### LEGAL INTERPRETATION

11.All matters affecting the interpretation of this Addendum and the rights of the parties hereto shall be governed by the laws of the State of New York.

ARTICLE XII

ENTIRE UNDERSTANDING

12. This Addendum modifies certain of the terms of the Separation Agreement . Apart from these modifications, which are in full force and effect and are enforceable in the same manner as the Separation Agreement, the Separation Agreement contains the entire understanding of the parties who hereby acknowledge that there have been and are no representations, warranties, covenants or undertakings other than those expressly set forth herein. The parties agree that the Addendum shall be executed upon the signing hereof and the same may be filed in the Office of the County Clerk.

ARTICLE XIII

GENERAL PROVISIONS

13.1    This Addendum and all other obligations and covenants hereunder shall bind the parties hereto, their heirs, executors, administrators, legal representatives and assigns, and shall inure to the benefit of their respective heirs, executors, administrators, legal representatives and assigns.

13.2    No modification, rescission or amendment to this Addendum shall be effective unless in writing signed by the parties hereto.

13.3    This Addendum and its provisions, together with all schedules, exhibits, documents and other instruments to be delivered herewith, sets forth the entire understanding between the parties as to how the terms of the Separation Agreement have been modified.

13.4    This Addendum shall be governed by the laws of the State of New York.

13.5    Each of the parties hereto, without cost to the other, shall at any time and from time to time hereafter execute and deliver any and all further instruments and assurances and perform any acts that the other party may reasonably request for the purpose of giving full force and effect to the provisions of this Addendum.

13.6    The parties acknowledge that they are entering into this Addendum freely and voluntarily; that they have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that they have sought and obtained legal advice independently of each other; that they have been duly apprised of their respective legal rights; that all the provisions hereof, the provisions of the Separation Agreement  that the herein Addendum is modifying, as well as all questions pertaining thereto, have been fully and satisfactorily

explained to them; that they have given due consideration to such provisions and questions; and that they clearly understand and assent to all the provisions hereof.

13.7    References in this Addendum to the provisions of any statute shall be deemed to be references to said provisions as in effect on the date hereof, or if said provisions shall be changed prior to a subsequent time as of which such reference is made, to any similar provisions which shall be in effect at such subsequent time.

13.8    Each of the parties has read this Addendum prior to the signing thereof.


**IN WITNESS WHEREOF**, the parties and their attorneys hereto have hereunto set their respective hands and signed this Addendum this day, month and year first above set forth.

_Raisa Plepler   07/05/19_

RAISA PREPLER

Wife

_Vladimir Binkevich   07/05/19_

VLADIMIR BINKEVICH

Husband

YANINA TABACHNIKOVA
Notary Public, State of New York
No. 02TA6190394
Qualified in Kings County
Commission Expires 9/8/2020

_Y Tabachnikova_

NOTARY PUBLIC

YANINA TABACHNIKOVA
Notary Public, State of New York
No. 02TA6190394
Qualified in Kings County
Commission Expires 9/8/2020

_Y Tabachnikova_

NOTARY PUBLIC

<u>ACKNOWLEDGMENT</u>

STATE OF NEW YORK        )

                         ) ss:

COUNTY OF KINGS          )

On this  5  day of *July*  in the year 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared RAISA PREPLER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

YANINA TABACHNIKOVA
Notary Public, State of New York
No. 02TA6190394
Qualified in Kings County
Commission Expires *9/8/2020*

_____
Notary Public

## ACKNOWLEDGMENT

STATE OF NEW YORK )

) ss:

COUNTY OF KINGS )

On this 5 day of *July* in the year 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared VLADIMIR BINKEVICH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public

YANINA TABACHNIKOVA
Notary Public, State of New York
No. 02TA6190394
Qualified in Kings County
Commission Expires 9/8/2020

20

<u>ALLOCUTION AFFIDAVIT OF RAISA PLEPLER</u>

STATE OF NEW YORK    )

                          ss.:

COUNTY OF KINGS    )

<u>RAISA PLEPLER</u>, being duly sworn according to law, deposes and says that she is the individual described as "WIFE" and in the foregoing instrument and she makes this Affidavit in acknowledgment thereof:

1. That she has carefully read this Addendum to the Separation Agreement of July *05*, 2019, word for word, paragraph by paragraph.

2. That she fully understands its contents.

3. That she understands and appreciates the legal effect of her signature to this Addendum to the Separation Agreement of July *05*, 2019.

4. That this Addendum to the Separation Agreement of July *05*, 2019 completely and accurately expresses her understanding of the terms and provisions of the parties' settlement, which she has arrived at with her husband.

5. That this Addendum to the Separation Agreement of July *05*, 2019 expresses the entire understanding and agreement between herself and her husband, without any secret promises or other agreements or inducements not therein expressed or stated,

as edited and /or modified Addendum to the main Separation Agreement executed by parties on April 17, 2017.

6. That her assent to this Addendum to the Separation Agreement of July *05*, 2019 was reached after mature and careful deliberation and after consultation with counsel, whereas she understands that Counsel did not provide any tax advice or consequences following the preparation and execution of the Addendum. That she understands and assents to the facts that her counsel did not provide any advice regarding any future or present bankruptcy proceedings, which may be initiated by either party.

7. That her execution of this Addendum to the Separation Agreement of July *05*, 2019 is voluntary and is of her own free act and deed.

8. That this Addendum to the Separation Agreement of July *05*, 2019 is not the result of any collusion between herself and her husband or between herself and any third party or persons.

9. That neither the property settlement arrived at between her and her husband, nor her signing and acknowledging of the foregoing Addendum to the Separation Agreement of July *05*, 2019 was occasioned, brought about or influenced by the use of any duress, coercion or undue influence practiced, brought or exercised upon her in any manner by any person whomsoever.

10. That she is not under the influence of any prescription medication or other drugs or alcohol, which would impair my ability to understand the terms and conditions of this Addendum to the Separation Agreement of July *05*, 2019.

11. That the Addendum to the Separation Agreement of July _05_, 2019 has been signed voluntarily, after having thoroughly consulted with counsel regarding the terms thereof.

12. That she is satisfied with the representation she has received from counsel in this matter.

_Raisa Plepler_

YANINA TABACHNIKOVA
Notary Public, State of New York
No. 02TA6190394
Qualified in Kings County
Commission Expires _9/8/2020_

Sworn to before me this

_5_ day of _July_, 2019.

Notary Public

## ALLOCUTION AFFIDAVIT OF VLADIMIR BINKEVICH

STATE OF NEW YORK    ) ss.:

COUNTY OF KINGS      )

VLADIMIR BINKEVICH , being duly sworn according to law, deposes and says that he is the individual described as "HUSBAND" and in the foregoing instrument and he makes this Affidavit in acknowledgment there of:

1. That he has carefully read this Addendum of Stipulation of Settlement, word for word, paragraph by paragraph.

2. That he fully understands its contents.

3. That he understands and appreciates the legal effect of his signature to this Addendum of Stipulation of Settlement completely and accurately expresses his understanding of the terms and provisions of the parties' settlement, which he has arrived at with his wife.

4. That this Addendum of Stipulation of Settlement expresses the entire understanding and agreement between himself and his wife, without any secret promises or other agreements or inducements not therein expressed or stated.

5. That his assent to this Addendum of Stipulation of Settlement was reached after mature and careful deliberation. and after being advised to obtain consultation with an independent counsel of his choice, whereas he understands that his Wife did benefit from advise of her Counsel . That Wife or her Counsel did not provide any

24

tax advice or consequences following the preparation and execution of the Addendum. That she understands and assents to the facts that her counsel did not provide any advice regarding any future or present bankruptcy proceedings, which may be initiated by either party.

6. That he has been advised to obtain his own individual counsel as this Addendum of Stipulation of Settlement is a binding contract between him and his Wife that affects his rights, interests and obligations. Whereas he understands that Counsel represented his Wife and did not provide any tax advice or consequences following the preparation and execution of the Addendum to his Wife. That he has been advised to obtain his own individual counsel to obtain counsels advice regarding any future or present bankruptcy proceedings, which may be initiated by either party or any other tax or additional and consequences as a result of entering into Addendum of Stipulation of Settlement

7. That he understands that if he does not obtain advise of his own individual counsel prior to signing this Addendum of Stipulation of Settlement he will be forever barred from asserting any claims or rights in law and/or equity against the Wife or any of the property divided, allocated and /or declared as separate and/or contemplated by as individual by this Addendum of Stipulation of Settlement .

8. That he has at his own free will declined to obtain his own individual independent counsel to represent him in connection with this Addendum of Stipulation of Settlement , Divorce and equitable distribution or any other matrimonial matters associated with this legal matter.

9.  That his execution of this Addendum of Stipulation of Settlement is voluntary and is of his own free act and deed.

10. That this Addendum of Stipulation of Settlement is not the result of any collusion between himself and his Wife or between himself and any third party or persons.

11. That neither the property settlement arrived at between him and his Wife, nor his signing and acknowledging of the foregoing Addendum of Stipulation of Settlement was occasioned, brought about or influenced by the use of any duress, coercion or undue influence practiced, brought or exercised upon him in any manner by any person whomsoever.

12. That he is not under the influence of any prescription medication or other drugs or alcohol, which would impair my ability to understand the terms and conditions of this Addendum of Stipulation of Settlement.

13. That the Addendum of Stipulation of Settlement has been signed voluntarily, after having thoroughly read it and clearly understood its conditions regarding the terms thereof.

14. That he is satisfied with the terms of the Addendum of Stipulation of Settlement.

_Vladimir Brunenitg_

Sworn to before me this

_5_ day of _July_ , 2019.

_J. Tabachnikova_

Notary Public

YANINA TABACHNIKOVA
Notary Public, State of New York
No, 02TA6190394
Qualified in Kings County
Commission Expires 9/18/2020

26