Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                                    Chapter 7

    Vladimir Binkevich,                                             Case No.: 1-19-43558-cec

                         Debtor.
------------------------------------------------------X
Viktor Gubenko
               Plaintiff,

-against-                                                                               Adv. Pro. No. 1-20-01025-cec

Vladimir Binkevich
               Defendant
------------------------------------------------------X

## MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Vladimir Binkevich, the Debtor and Defendant in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through undersigned counsel, respectfully submits this memorandum in support of his motion for summary judgment (the "Motion") against pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7056 of the Federal Rule of Bankruptcy Procedure. In support of the Motion, the Defendant respectfully states as follows:

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

    1. On June 7, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, with the United States Bankruptcy Court for the Eastern District

of New York. Case number 1-19-43558-cec.

2. The Meeting of Creditors pursuant § 341 was scheduled and held on July 10, 2019.

3. On November 4, 2019 the examination of Vladimir Binkevich pursuant to Rule 2004 of the Bankruptcy Rules was conducted by the Law Office of Rachel S. Blumenfeld PLLC.

4. On March 6, 2020, the Plaintiff filed an Adversary Proceeding Complaint for denial of Plaintiff's Discharge. The Plaintiff demands that the Court enter judgment denying the Defendant's discharge under 11 U.S.C. § 727 (a)(4) and 727 (a)(5).

5. On April 9, 2020, the Defendant/Debtor filed a motion to dismiss adversary case in lieu Answer.

6. On June 4, 2020, the Answer to adversary complaint for denial of discharge was filed by the Defendant.

7. On July 10, 2020 the examination of Vladimir Binkevich pursuant to Rule 2004 of the Bankruptcy Rules was conducted by the US Trustee Reema Lateef.

**ARGUMENTS**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

In ruling upon a summary judgment motion, the Court's job is not to resolve disputed issues of fact, but to determine whether a genuine issue of fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory statements." Rosenman & Colin LLP v. Jarrell (In re Jarrell), 251 B.R. 448, 450-51 (Bankr. S.D.N.Y. 2000) (citations omitted).

## 11 U.S.C. §727

Under § 727(a)(4)(A), the court may deny a debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To deny a debtor a discharge under § 727(a)(4)(A), the plaintiff must establish that: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with intent to deceive; and (5) the statement related materially to the bankruptcy case. In re Virovlyanskiy, 485 B.R. 268, 272 (Bankr. E.D.N.Y. 2013) (citing Dubrowsky v. Estate of Perlbinder (In re Dubrowsky), 244 B.R. 560, 572 (E.D.N.Y. 2000)). The burden is on the plaintiff to prove each element by a preponderance of the evidence. In re Pongvitayapanu, 487 B.R. 130, 139 (Bankr. E.D.N.Y. 2013). Once a plaintiff produces evidence of a false statement, the burden shifts to the debtor to produce a "credible explanation." In re Shah, 388 B.R. 23, 37 (Bankr. S.D.N.Y. 2008); Casa Invs. Co. v. Brenes (In re Brenes), 261 B.R. 322, 334 (Bankr. D. Conn. 2001).

Section 727(a)(5) provides that a discharge will be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." This statutory provision is designed to deny a discharge to a debtor if the plaintiff can establish that there has been a loss or deficiency of an asset, and if so, that the debtor has failed to plausibly explain the reason for that loss. See Krohn v. Cromer, (In re Cromer), 214 B.R. 86, 95 (Bankr. E.D.N.Y. 1997).

It is well settled that denial of a discharge is "an extreme penalty for wrongdoing," and therefore, § 727 "must be construed strictly against those who object to the debtor's discharge and 'liberally in favor of the bankrupt.'" State Bank of India v. Chalasani (In re Chalasani), 92

F.3d 1300, 1310(2d Cir. 1996) (quoting Bank of Pa. v. Adlman (In re Adlman), 541 F.2d 999, 1003 (2d Cir. 1976)).

In the instant case, the Debtor fully disclosed information regarding his financial affairs, particularly with regard to his marital status and living arrangement. In the Official Form 122A-1 of the Debtor's Petition, the Debtor disclosed that he and his spouse were and continue to be, legally separated, as at the time of the Chapter 7 bankruptcy filing, they maintained separate accounts, separate households and filed separate Income Tax returns.

In the Instructions for Official Bankruptcy Form 6I: in the line titled Your Income (Schedule I), it is stated that if you are separated and your spouse is not filing with you, do not include information about your spouse.

Further, under 11 U.S.C. § 707(b)(2)(A) a debtor does not need to include their non-filing spouse's income on the Means Test if the debtor declares under penalty of perjury that they are legally separated from their spouse or they are living apart.

Therefore, the Debtor has completed the Petition in accordance to the Bankruptcy rules and procedure, and truthfully affirmed that the information contained in his petition is true and complete to the best of his knowledge.

Furthermore, In re Montalto it is stated that "Under §§ 707(b)(2)(A) and 101(10A), the income of a non-filing spouse which is regularly contributed to household expenses of the debtor or the debtor's dependents must be included in a debtor's disposable income analysis. A debtor does not need to include their non-filing spouse's income on the Means Test if the debtor declares under penalty of perjury that they are legally separated from their spouse or they are living apart." *In re Mantalto, 537 B.R. 147 (Bankr. E.D.N.Y. 2015).*

Under the facts at hand, the Debtor and his non-filing spouse are legally separated. Despite the fact that they are still married, they live on separate floors of a two-story apartment, they maintain separate accounts, separate households and file separate Income Tax Returns and more so, upon information and belief, the non-filing spouse does not contribute to household expenses of the Debtor. The debtor and his estranged wife speak only when necessary, and do not have knowledge of each other's income or personal expenses.

Additionally, "the essential thing is not separate roofs, but separated lives — that the parties so live, whether under one roof or two, as to abandon with apparent permanency of intention, the relation of husband and wife in all but the most technical legal sense." *Hurd v. Hurd, 86 U.S.App.D.C. 62, 179 F.2d 68 (D.C.Cir.1949)*.

Moreover, at the scheduled 341 meeting and the 2004 examination, conducted by the Plaintiff's attorney, the Debtor declared that he is separated from his wife since 2017, and that they pay household and other expenses separately. No additional documents or information regarding the Debtor's separation were requested by any Party after the 341 meeting and 2004 examination. An original separation agreement executed by the Debtor and his wife on April 7, 2017 and as well as an Amendment to it dated July 5, 2019 have been submitted to the US Trustee's office upon request. No other additional documentation, clarification or further explanation regarding the Debtor's separation were requested by any party, after the 341 meeting and the two subsequent 2004 examinations.

Further, in the previously filed Bankruptcy case in 2017 (case Number 1-17-42905-cec), the non-filing Debtor's spouse was listed in the Schedule I, as at that time they still had some joint expenses, despite the fact that the separation agreement was already executed between the Debtor and his spouse. Since that time the Defendant's financial affairs have changed, and the

Defendant duly disclosed it in the Chapter 7 petition filed on June 7, 2019, and in his sworn testimony at the meeting of creditors.

Base of the foregoing, Plaintiff has been properly informed about the separation and living arrangement of the Defendant and had enough time and ample opportunity to obtain the separation agreements and to challenge the validity thereof.

Furthermore, the Plaintiff has had ample opportunity to challenge the fidelity and accuracy of the Debtor's testimony with the regard to the separation both after 314 meeting and 2004 examination and has not done so to date. Furthermore, the plaintiff is not challenging the authenticity of the separation agreement or truthfulness of the Debtor's testimony in the complaint. On the contrary, they simply choose to overlook the fact that this information was both disclosed in testimony and provided documentarily and was never questioned by the Plaintiff. In fact the Plaintiff's only argument is that the Debtor's testimony is inconsistent. That claim alone as inaccurate as it is under the facts presented by the history of the case, and simply fails to rise to the standard established by 11 U.S.C. § 727(a)(4)(A) and 11 U.S.C. § 727(a)(5) to warrant non dischargeable.

Additionally, the Debtor has settled his bankruptcy estate with the trustee and made payments for the trustee's interest in all unexempt property which will be paid over to creditors of the bankruptcy estate.

## CONCLUSION

For all of the foregoing reasons, summary judgment should be granted.

Dated: January 27, 2021  
Brooklyn, NY

/s/ Alla Kachan  
Alla Kachan, Esq.  
Law Offices of Alla Kachan, P.C.  
3099 Coney Island Avenue, 3rd. Fl.  
Brooklyn, NY, 11235